Argued on motion to stay contempt proceedings in trial court June 30; contempt proceedings stayed July 2; appeal dismissed October 7, 1941

## STATE ex rel. MANCHESTER v. MANCHESTER

(115 P. (2d) 181)

Before KELLY, Chief Justice, and BAILEY, RAND and BRAND, Associate Justices.

*Ralph E. Moody*, of Salem (Gavin & Gavin, of The Dalles, and Solomon & Keenan, of Portland, on the brief), for appellant.

*Roscoe Krier,* of The Dalles (Galloway & Krier, of The Dalles, on the brief), for respondent.

KELLY, C. J. On the 28th day of May, 1941, plaintiff, Mina E. Manchester, instituted a suit for divorce against her husband, Arthur W. Manchester, upon the grounds of cruel and inhuman treatment. Contemporaneously with the filing of plaintiff's complaint, an ex parte order was made by the trial court requiring the defendant to pay to the clerk of that court for the use and benefit of the plaintiff the sum of $150 as attorneys' fees, the further sum of $50 as court expenses and witness fees; the further sum of $75 for the support and maintenance of plaintiff for the first month of the pendency of this suit, and the further sum of $75 each and every month during the pendency of this suit for the support and maintenance of plaintiff; or that the defendant show good cause within ten days from the date of the service of said ex parte order upon him why he should not pay said sums.

On June 7, 1941, defendant filed an answer, alleging as a plea in abatement that plaintiff was insane and therefore without legal capacity to institute or maintain said divorce suit.

On June 13, 1941, plaintiff, as relator in a contempt proceeding, filed an affidavit reciting that defendant had failed, neglected and refused to pay to the plaintiff, or to the clerk of the court, or to any one for her, any part or all of the sums of money provided and required by said order of May 28, 1941, and asking for an order requiring defendant to show cause why he should not be punished as and for a criminal contempt.

Based upon plaintiff's affidavit, as relator, on said June 13, 1941, an order in said contempt proceeding was made requiring defendant to appear in court on June 19, 1941, at the hour of 10 o'clock a. m. to show cause why he should not be arrested to answer his alleged contempt in said proceedings and to answer the demand of plaintiff that attorneys' fees in such sum as to the court may seem reasonable and not exceeding $50 be adjudged as a decree and judgment against him, and in addition to the sums of money provided in the aforesaid order of May 28, 1941; and further ordering that said order of June 13, 1941, be personally served upon defendant and return thereof made as provided by law for the service of summons.

On June 18, 1941, defendant, appearing specially, filed a special answer and plea to the effect that a plea in abatement had been filed in the divorce suit as above stated. Based upon the facts set forth in said plea in abatement and said special answer and plea in said contempt proceeding, defendant prayed that the order of May 28, 1941, and June 13, 1941, and all of said contempt proceedings be abated and dismissed.

On June 19, 1941, under the titles of the contempt proceeding and the divorce case, an order was made denying, overruling and dismissing defendant's plea in abatement; "Whereupon the defendant, through his attorneys as aforesaid, in open court announced and gave notice of appeal to the Supreme Court of the State of Oregon from the order overruling, denying and dismissing the aforesaid 'Answer and Plea in Abatement' filed herein on June 7, 1941."

In said order of June 19, 1941, it appears that the trial court gave further consideration upon and of the proceedings in contempt arising on the filing of the affidavit of relator in contempt and the order thereon made and served on June 13, 1941; and, among other things, the trial court ordered that defendant pay sums aggregating $267.50 to the clerk of the trial court for the plaintiff on or before 3 p. m. Friday, June 20, 1941, "to purge himself of the contempt hereby adjudged and decreed, or that in his failure so to do he be thereupon committed to jail or otherwise summarily punished."

On June 20, 1941, an order was made directing the issuance of warrant commanding the sheriff of Wasco county to imprison defendant in the county jail of Wasco county until he shall comply with the order of said trial court by paying to the clerk of said court the sum of $267.50 "for the plaintiff, Mina E. Manchester, for attorneys' fees and suit money, as in said order of June 19, 1941, recited and herein further explained."

A written notice of appeal from the trial court's order dismissing defendant's plea in abatement and adjudging defendant guilty of contempt, and from the whole of said order was filed after due service thereof had been admitted by plaintiff and relator.

In these appeals defendant has interposed a dual motion, the first phase of which seeks an order to consolidate the appeals herein, namely, the appeal from the order dismissing defendant's plea in abatement and the appeal from the order adjudging defendant guilty of contempt of court; and the second phase of said motion seeks an order restraining any further

action or proceeding herein by the circuit court except allowing, settling and signing a bill of exceptions, or, in the alternative, an order upon the circuit court to show cause why such restraining order should not issue.

Undertakings upon appeal were filed by defendant both in the case for divorce and in the contempt proceedings. Such undertakings are in the approved form and provide, among other things, that if the order appealed from or any part thereof be affirmed the appellant will satisfy it so far as affirmed.

Subsequent to the filing of said stay bonds, the amount of defendant's alleged delinquency, under the order of the trial court directing defendant to pay alimony pendente lite, attorneys' fees and suit money, was entered and docketed as a judgment; execution was issued thereupon and the sum of $467.50 was procured thereunder by the sheriff from two banks and deposited by the sheriff with the county clerk contemporaneously with the filing of the sheriff's return upon said execution.

Because of the allegedly threatened delivery of said money by said clerk to plaintiff, an immediate hearing in this court was had of defendant's motion; and an oral statement was made of the court's decision. This opinion is confirmatory of that decision.

Two questions will be considered: First, does an appeal lie from an order of contempt; and second, if so, does the filing of such undertaking, as defendant has filed in his appeal from the order adjudging him in contempt, stay further proceedings in the trial court, except such proceedings as may aid and assist this court to understand and determine said contempt pro-

ceeding on appeal. We think both questions should be answered in the affirmative.

■ Our statute declares:

"Either party to a judgment in a proceeding for a contempt may appeal therefrom, in like manner and with like effect as from a judgment in an action, but such appeal shall not have the effect to stay the proceedings in any other action, suit, or proceeding, or upon any judgment, decree, or order therein, concerning which or wherein such contempt was committed." Section 11-516, O. C. L. A. Vol. 2, p. 369.

This section of the statute plainly authorizes an appeal from a judgment of contempt.

■ While the stay of proceedings affected by the filing of an undertaking on appeal in the contempt matter would not stay the proceedings upon the pleadings in the original divorce case, it is obvious that the docketing of the alleged amount of the delinquency upon which the contempt was adjudged, the issuance of execution thereupon and the collection of the money by virtue of such execution were so intimately connected with the contempt proceeding that the stay of the one should likewise stay the other. In fact, the proceedings for the docketing of the alleged delinquency, under Vol. 2, O. C. L. A. section 9-913, were denominated by plaintiff's attorney as constituting an involuntary purging of defendant's contempt.

We reserve consideration of defendant's motion to consolidate defendant's two appeals because of plaintiff's statement made upon oral argument that plaintiff intends to file a motion to dismiss defendant's appeal from the order dismissing defendant's plea in abatement.

We think it unnecessary to make any formal restraining order. We hold that the filing herein of the undertaking on appeal from the order of contempt had the effect to stay proceedings as stated and hence the commitment of defendant to jail, the entry and docketing of the amount of defendant's delinquency, the issuance of the execution thereupon, and the taking of the money mentioned thereunder were unwarranted and no further proceeding should be taken in connection therewith except to restore the status quo.