Argued October 5, affirmed October 19, 1966

# BRICE *v.* DANISCH
419 P. 2d 18

*Fred Allen,* Newport, argued the cause and filed briefs for appellant.

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and REDDING, Justices.

DENECKE, J.

This is a personal injury case arising out of a collision between a motor scooter driven by plaintiff and a car driven in the opposite direction by defendant. The scene was a graveled country road. A key issue was the position of the vehicles at the time of impact. The trial court ruled that certain evidence on this issue could not be received. The jury returned a verdict for the defendant; plaintiff appeals.

The following transpired at the trial and the trial court's rulings are assigned as error:

"Q Did you observe any skid marks or debris?

"A After the car was moved, there was skid marks.

"MR. ASA LEWELLING: If the Court please, I am going to object to the latter part of that ques-

tion, in fact, to that question. This would have to be a conclusion of the witness.

"THE COURT: Sustained, the objection.

"* * * * *

"Q  Did you observe anything on the road?

"A  There was glass in front of the bumper of the car between the car and the motorcycle.

"Q  Did you observe anything on the road surface?

"A  You could see skid marks after the car was moved.

"Q  Did you see them before the car was moved?

"A  Well, the car was directly over the top of them.

"Q  I see. Now, did you mark or in any way set out in a permanent manner where this skid mark was?

"MR. ASA LEWELLING: If the Court please, I am going to object to this because it has become apparent at this time that anything that he would have to do with relation to these things that he saw would have to rest on conclusions that he drew; so his whole line of testimony in this regard would be a conclusion reinforced by other things he has done based on this fundamental conclusion.

"* * * * *

"MR. ALLEN: The purpose of this testimony is to lay the foundation for testimony that will follow; that this witness and another witness that I am going to call saw skid marks under the car leading up to the wheels; that after the car was moved, they took an iron rod and drove it into the road where they saw the skid mark terminate."

The court then, after hearing argument and presenting some thoughts on the evidence offered, stated:

"THE COURT: * * * I will sustain the objection. * * *."

There was other testimony that when the witness made these observations the defendant's car had not been moved from the place where it came to rest after the collision.

■ The witness did testify that he observed skid marks. Defendant's late objection was sustained, but the testimony was not stricken. In addition, the witness than testified, without objection, that he saw skid marks. While the trial court erred in sustaining the objection to the question about the skid marks, such error was not prejudicial.

The witness was not allowed to testify whether he marked the end of the skid marks. The offer of proof was that the witness drove an iron rod into the road where the skid marks terminated. Admitted evidence was that this spot was under the defendant's car before it was moved.

■■ Ordinarily, a witness is permitted to testify that in his investigation of an accident he marked certain critical points. Here, however, the failure of the court to receive such evidence was not prejudicial because this witness, in other parts of his testimony, and others identified the point where the rod was driven.

The basic complaint of plaintiff is that the witness was not permitted to testify as to the direction of the skid marks and where they commenced. The difficulty with plaintiff's position is that questions were not asked as to the direction and commencement of the skid marks and no offer of proof of the witness's testimony was made. Plaintiff argues that the trial court made its position clear that in its opinion such evidence was inadmissible and plaintiff believed that to pursue the matter would be contemptuous of the trial court.

We cannot consider whether testimony has been wrongfully excluded when the witness has not been asked questions which would elicit testimony on this subject. In addition, if the testimony were erroneously excluded, we cannot determine whether such ruling was prejudicial when there was no offer of proof of the witness's testimony. *Bach v. Chezem,* 168 Or 535, 541, 124 P2d 710 (1942). Reasonable steps to preserve one's record on appeal are not contemptuous.

Affirmed.