Argued and submitted September 29, 1983, reversed and remanded for further proceedings January 25, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## LAWRENCE BARON,
*Appellant.*

(C82-06-35768; CA A26664)

675 P2d 1089

David L. Slader, Portland, argued the cause for appellant. With him on the brief was Hoffman, Slader & Matasar, Portland.

Kay Kiner James, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Carl R. Neil, Portland, filed the brief amicus curiae on behalf of the American Civil Liberties Union of Oregon, Inc.

John Henry Hingson, III, Oregon City, National Association of Criminal Defense Lawyers; Richard Cremer, Portland, Oregon Criminal Defense Lawyers Association; and Howard B. Eisenberg, Washington D. C., National Legal Aid and

Defender Association, filed the brief amicus curiae on behalf of the National Association of Criminal Defense Lawyers.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for direct criminal contempt. He contends that the trial court's order finding him in contempt is defective on its face. We agree and reverse and remand for further proceedings.

On June 14, 1982, defendant, an attorney, was representing a client at a sentencing hearing in circuit court. He and the prosecutor recommended that defendant's client be placed on three years probation, subject to certain conditions. The judge declined to follow that recommendation and instead imposed a longer probation with stricter conditions.

Defendant then requested an opportunity to "put some remarks on the record." After stating that an objection was not necessary and that if defendant's client was "dissatisfied with the sentence [he could] talk to the Court of Appeals about that," the judge stated, "Well, you go ahead and state whatever you want on the record." The judge then left the bench. In the judge's absence, defendant objected to some of the the conditions of probation. He stated that his client declined to accept probation and was ready to be sentenced to the penitentiary. Defendant also requested that bond be set on appeal and that his client be given time to surrender voluntarily. Defendant received no response to his objections or remarks, because the judge was in his chambers.

Several minutes later, the judge returned to the bench to resume an on-going civil case. The following dialogue then ensued:

"THE COURT: Mr. Baron, would you mind moving back into the spectator area?

"MR. BARON: I take it that our sentencing proceeding is concluded; that Your Honor will be responding to my objections or remarks?

"THE COURT: I will respond in due time. Would you mind—

"MR. BARON: I have another court appearance. May I note that the court—

"THE COURT: Mr. Baron, I am directing you to move to the rear of the courtroom. If you don't, I'm going to hold you in wilfull contempt. Now do you understand that? One more word and you are going to be held in wilfull contempt of court.

You are disrupting a trial. You are still standing there. Are you inviting me finding you in wilfull contempt?

"If you want to be held in contempt stay where you are and if you don't, turn around and walk out of this courtroom.

"I am finding you in willful contempt of court. Take a seat, Mr. Baron. You are going to be taken into custody right now. I will have you returned to the court later for sentencing."

Thereafter, the judge signed an order entitled "ORDER FINDING DEFENDANT IN CONTEMPT OF COURT AND PLACING HIM IN CUSTODY PENDING SENTENCING." It recites:

"On June 14, 1982, the case of State of Oregon v. Bruce Waterman, Circuit Court No. C 82-02-33695, came before this court for imposition of sentence, the State of Oregon appearing by Fred N. Weinhouse, Deputy District Attorney, and defendant Waterman appearing in person and with his attorney, Lawrence Baron.

"After sentence had been imposed on Waterman, Mr. Baron advised the court he wished to make a statement in opposition to the sentence imposed and the court replied he could do so and then retired from the bench. Mr. Baron made his statement but did not vacate the counsel table, even though he was ordered to do so. Again Mr. Baron was ordered to vacate the counsel table, but failed to do so, and the court thereafter found him in wilfull contempt of court.

"IT IS ORDERED that the court's finding of contempt of court be entered of record herein, and

"IT IS FURTHER ORDERED that defendant Baron be detained in custody pending sentencing in this matter."

Later that day, the judge ordered defendant released on his own recognizance.

Defendant subsequently filed motions (1) to vacate the order as defective on its face; (2) to recuse the judge; (3) to dismiss on the basis of vindictive prosecution; and (4) for a show cause hearing. On October 11, 1982, after denying all four motions, the judge entered an order entitled "ORDER DENYING DEFENDANT'S MOTIONS AND OVERRULING OBJECTIONS; JUDGMENT OF DISCHARGE." It recites:

"This cause coming to be heard before the Court on October 11, 1982, and the plaintiff appearing by Deputy

District Attorney Wayne C. Pearson and defendant appearing in person and by his attorney, David L. Slader, and the Court being fully advised of the premises,

"For the reason stated by the Court on the record, the Court denies defendant's Motion for Recusal, Motion to Vacate Order of Contempt as Defective on its Face, Motion to Dismiss for Vindictive Prosecution, and Motion to Vacate Order of Contempt and to Set Matter for Hearing.

"The Court further overrules defendant's objections and defenses to the Order of Contempt.

"There being no further reason why sentence should not be pronounced on the Court's previous finding that the defendant was in wilful contempt of Court, the Court finds that the Order of Contempt is a sufficient sanction and that no imprisonment or fine are necessary,

"NOW THEREFORE, it is ordered that the defendant be and is hereby discharged.

"* * * * *"

The judge's order finding defendant in contempt fails to indicate what authority the judge relied on in holding defendant in contempt, and we decline to speculate on it.[1]

---

[1] ORS 33.010 provides in relevant part:

"(1) The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

"(a) Disorderly, contemptuous or insolent behavior toward the judge, while holding the court, tending to impair its authority or to interrupt the due course of a trial or other judicial proceeding.

"(b) A breach of the peace, boisterous conduct or violent disturbance, tending to interrupt the due course of a trial or other judicial proceeding.

"(c) Misbehavior in office, or other wilful neglect or violation of duty, by an attorney, clerk, sheriff or other person appointed or selected to perform a judicial or ministerial service.

"* * * * *

"(e) Disobedience of any lawful judgment, decree, order or process of the court, except as provided in ORCP 78 C.

"* * * * *

"(i) Any other unlawful interference with the process or proceedings of a court.

"* * * * *"

Arguably, he was relying on ORS 33.010(1)(a).[2] However, the judge may have been relying on ORS 33.010(1)(c), (1)(e) or (1)(i), or on ORS 1.240.[3]

 Specification of the ground for a finding of contempt is essential. *State v. Thompson,* 66 Or App 496, 674 P2d 92 (1984). The court's power to punish contempt, and the procedure to be followed in imposing any punishment, is governed by the nature of the conduct involved. ORS 33.020 provides:

"(1) Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both; but such fine shall not exceed $300 nor the imprisonment six months, except in the cases mentioned in subsection (2) of this section; and when the contempt is not one of those mentioned in ORS 33.010(1)(a) and (b), or in ORS 1.240(1), it must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby before the contempt can be punished otherwise than by a fine not exceeding $100.

"(2) In addition to the punishment provided for in subsection (1) of this section, the court or judge shall have power to constrain performance of any lawful order, judgment or decree of such court or judge, by imprisonment of the person failing or refusing to comply, until the order, judgment or decree has been complied with."

ORS 33.030 provides:

"When a contempt is committed in the immediate view and presence of the court or officer, it may be punished

---

[2] In its brief in this court, the state asserts that the judge was acting under the authority of ORS 33.010(1)(a). Our review of the record does not support a finding that that was the only subsection of ORS 33.010 on which the judge may have relied. A person is entitled to know specifically on what authority a judge is relying in finding that person guilty of contempt.

[3] ORS 1.240 provides in relevant part:

"Every judicial officer has power:

"(1) To preserve and enforce order in his immediate presence, and in the proceedings before him, when he is performing a duty imposed upon him by statute.

"(2) To compel obedience to his lawful orders, as provided by statute."

ORS 1.250 provides:

"For the effectual exercise of the powers specified in ORS 1.240, a judicial officer may punish for contempt, in the cases and manner provided by statute."

summarily, for which an order must be made reciting the facts as occurring in such immediate view and presence, determining that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed."

The order finding defendant in contempt is defective on its face because it fails to recite the statutory basis for the judge's actions. *State v. Thompson, supra.*

Reversed and remanded for further proceedings.[4]

---

[4] Because we conclude that the order finding defendant in contempt is defective on its face, we have not addressed defendant's assignments of error that (1) his conduct was not contemptuous, (2) the judge erred in not recusing himself and (3) the judge erred in denying his motion to dismiss for vindictive prosecution.

Because we remand for further proceedings, we observe that defendant's contention that the judge erred in denying him a show cause hearing appears to be well taken. *See* ORS 33.030; *State ex rel Spencer v. Howe,* 281 Or 599, 576 P2d 4 (1978); *State v. Meyer,* 31 Or App 775, 780, 571 P2d 550 (1977); *see also Taylor v. Hayes,* 418 US 488, 498, 41 L Ed 2d 897, 94 S Ct 2697 (1974); *see also Brice v. Danisch,* 244 Or 505, 509, 419 P2d 18 (1966) (reasonable steps to preserve one's record on appeal are not contemptuous).