Submitted on record and appellant's brief October 25, 1985, reversed April 23, 1986

In the Matter of the Marriage of

YOWMAN,
*Appellant,*
*and*

YOWMAN,
*Respondent.*

(83-631-NJ-1; CA A35054)

717 P2d 1243

Jerry E. Gastineau, Medford, filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this domestic relations case, mother appeals an order holding her in contempt of court and sentencing her to 48 hours incarceration in the county jail. We reverse.

The parties' marriage was dissolved by a decree entered March 9, 1984. Mother was awarded custody of the five children, and father was given visitation rights "at reasonable times and places, including every other weekend from 6:00 p.m., Friday night until 6:00 p.m., Sunday evening and alternating holidays."

On November 15, 1984, father commenced this proceeding, *pro se,* by filing a document entitled "Motion and Order For Show Cause." It requested an order requiring mother to appear on November 26, 1984, and show cause "why the following should not be granted:

"1.   That visitation order be followed.

"2.   To be notified upon moving.

"3.   That I have the children for Thanksgiving.

"4.   That I know which school the children are in at all times."

Father's affidavit submitted with the motion detailed problems which he had encountered in exercising visitation and that mother had told him that he could not have the children for Thanksgiving. He claimed that Thanksgiving was "my holiday."

The court did not have the proceedings reported but issued a written order on February 7, 1985. The order recited that both parties appeared without counsel, that mother "did not move against the motion and order for show cause, did not request counsel, after being advised of her right to counsel, and expressed a desire to proceed with the hearing." The order further recited that mother "has willfully and systematically denied [father] child visitation rights which were granted to him in the decree of dissolution."

Mother challenges the contempt order on a number of grounds, including that the proceeding was not properly initiated and that the order is defective on its face. She also contends that the trial court did not advise her of her right to

counsel and that she did not knowingly waive that right.[1]

■     The order, issued slightly over two months after the hearing, did not specify the statutory authority for the finding of contempt. Specification of the statutory grounds for contempt is essential in order that the appellate court may adequately review the procedure. *State v. Baron,* 66 Or App 713, 675 P2d 1089 (1984); *State v. Thompson,* 66 Or App 496, 674 P2d 92 (1984). The order held mother in contempt for violating visitation rights given by the judgment. Arguably, the court was proceeding under ORS 33.010(1)(e). If so, the state should have been designated as party plaintiff, ORS 33.060, and the proceeding should have been commenced by an appropriate order under ORS 33.040. However, the court may have been proceeding under ORCP 78D. In that event, the contempt proceeding could be initiated by a motion in the underlying cause, and the state would not be a party plaintiff.

■     Whichever statutory ground the court embraced, the procedure was flawed by the failure to notify mother that the show cause hearing was for the purpose of determining if she was guilty of civil or criminal contempt. A finding of civil contempt can result in incarceration to induce compliance with the relevant order. Criminal contempt can result in some form of punishment, including a fine and incarceration. ORS 33.020. Consequently, it is important that the person cited to appear be notified that the hearing is to determine if the person should be held in contempt. In this proceeding, father's motion, which was personally served on mother, did not request that she be held in contempt. She was not given notice as required by ORCP 78D(1) or ORCP 9B that she was to appear and show cause why she should not be held in contempt. The court had no authority to issue the order of contempt.

Reversed. No costs to either party.

---

[1] The order recites that she did waive counsel after being advised. There is no record to contravene that assertion. Mother filed with her brief an affidavit by a witness, who swore that the court did not advise her of her right to counsel and that she did not waive her rights. We cannot accept the affidavit as part of the record on appeal.