Argued and submitted January 24, reversed and remanded May 14, 1986

# STATE ex rel JORDAN,
*Respondent,*

*v.*

# JORDAN,
*Appellant.*

(79-3243-E-1; CA A35912)

719 P2d 50

G. Philip Arnold, Ashland, argued the cause for appellant. With him on the briefs was Drescher & Arnold, Ashland.

Robert F. Webber, Medford, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

This is a contempt action arising out of a change of custody proceeding. Mother alleges that father swore to false information in his affidavit filed in support of his motion to change custody. The trial court found father in contempt. We reverse.

The parties were divorced in 1981 and were given joint custody of their daughter. In March, 1984, the decree was modified, granting custody of the child to mother with specified visitation for father. In July, 1984, father filed a motion and supporting affidavit to require mother to show cause why the court should not modify the decree to change custody to him. After a hearing, the trial judge denied the motion but allowed father more visitation.

In January, 1985, mother filed a motion and supporting affidavit to require father to show cause why he should not be held in contempt. The affidavit alleged that father "swore to false information in his affidavit, with the intention and wilfull [sic] intent of harassing me and causing me undue hardship and with the further intent to disobey the Order of the court * * *." The affidavit set forth six statements alleged to be false. After a hearing, the court found father in contempt and suspended the imposition of a penalty for one year on the condition that father pay reasonable costs and attorney fees to mother for both the change of custody and the contempt proceedings.

Father makes numerous assignments of error. We only need to address one: whether the court erroneously admitted and relied on evidence outside the scope of mother's affidavit.

The initial affidavit alleging contempt must set forth a *prima facie* case. It is similar to a complaint and must give the alleged contemnor adequate notice of the charge. *In the Matter of Virginia Hanks,* 290 Or 451, 460-61, 623 P2d 623 (1981); *see also State v. Thompson,* 294 Or 528, 659 P2d 383 (1983). If the court makes a determination of contempt, it must make findings of fact in support of that judgment. The absence of findings is fatal, and the contempt cannot stand without them. *State ex rel. Hixson v. Hixson,* 199 Or 574, 263 P2d 603 (1953); *Fitzgerald and Fitzgerald,* 70 Or App 625, 690

P2d 1114 (1984).

■  Mother's affidavit alleged that father swore to false information with the intent to disobey the court order providing him visitation. It quoted six statements from father's July, 1984, affidavit which mother claimed were false. However, the trial court made no findings regarding the truthfulness of the statements. Instead, the court addressed an issue that was not framed in the affidavit. The trial judge referred to the "general flavor" of father's affidavit, "subtle misrepresentation" and "lying by half-truth and by inference." The court concluded,

> "Putting all of this together, I find that Mr. Jordan engaged in a deliberate and planned effort to deceive the Court, to get around the prior restricted visitation. The affidavit and the order presented were in substance deceitful and contemptuous. I do find Mr. Jordan in contempt of Court."

Mother's affidavit did not put father on notice that he would have to defend against the "general flavor" of his affidavit. There was no allegation that he had engaged in behavior intended to deceive the court in order to avoid the restricted visitation.[1] Consequently, the court could not decide that issue. Father was on notice only that mother intended to prove that he had made six false statements with the intent to disobey the order of the court. Because the trial court made no findings as to the allegations contained in mother's affidavit, but instead orally stated conclusions outside the issues framed, the judgment of contempt cannot stand.[2]

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[1] In the motion filed with the affidavit, mother's attorney moved for an order requiring father to show cause why he should not be held in contempt for "failure to act in accordance with the Court's Order and in defiance of the Court's Order * * *." That broad assertion is insufficient to put father on notice of specific acts claimed to have been done by him to circumvent the visitation order; the affidavit simply fails to recite facts sufficient to put the matter in issue.

[2] Because of our disposition of this case, we need not reach any of father's other assignments.