Argued and submitted March 21, reversed and remanded August 13, 1986

STATE ex rel ADULT AND
FAMILY SERVICES DIVISION,
*Respondent,*

*v.*

BURKHART,
*Appellant.*

(871; CA A36000)

723 P2d 374

Greg O'Neill, Bend, argued the cause and submitted the briefs for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals from a trial court order holding him in contempt for wilful disobedience of the court's order that he submit to a blood test and sentencing him to serve 30 days in jail. The dispositive issue is whether the court's contempt order is sufficient. We reverse and remand.

The contempt proceeding arose out of a disputed paternity proceeding commenced by the state. Defendant was ordered to submit to a blood test. ORS 109.252.[1] He refused to have his blood drawn at the medical facility designated by the trial court. He agreed, however, to have blood drawn by his own doctor and forwarded to the medical facility for testing. The test indicated that defendant could not have been the child's father.

■ The state asked for a second blood test, suggesting that the blood sent to the medical facility may not have been defendant's. After a hearing, the trial court found that it would be in the interests of justice to have a second test done and the court ordered defendant to submit blood for the second test. Defendant refused. That refusal prompted the state's motion that he be held in contempt. The trial court's order recites that defendant "is in wilful contempt for refusing to comply with the court's order to take a second blood test" and that he "is sentenced to 30 days in the county jail."[2]

---

[1] ORS 109.252 provides:

"In a proceeding under ORS 109.125 to 109.230 and 416.400 to 416.470, in which paternity is a relevant fact, the court or administrator, as defined in ORS 416.400, upon his or her own initiative or upon suggestion made by or on behalf of any person whose blood is involved may, or upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child, alleged father and any other named respondent who may be the father to submit to blood tests. If any person refuses to submit to such tests, the court or administrator may resolve the question of paternity against such person or enforce its order if the rights of others and the interests of justice so require."

[2] The trial court's order also provided in relevant part:

"If the [defendant] agrees to take the second blood test and so informs the court of his intention, the court will release the [defendant] so that he may comply with the order and he will not need to serve the number of days remaining in his sentence."

The state argues that this is a civil contempt, because defendant will be released if he complies with the court's order. We disagree. The trial court's order clearly states that defendant "is sentenced to 30 days in the county jail. That is a determinate sentence and, thus, this is a criminal contempt. The fact that the court would suspend the

■ Defendant contends, *inter alia,* that the order is insufficient, because it does not specifically identify the statutory basis on which it is entered. He also contends that the sanction imposed by the court is unlawful, because the court's order fails to recite circumstances justifying a sanction in excess of a $100 fine. *See* ORS 33.020(1).[3] We agree with both of defendant's contentions. *State ex rel Spencer v. Howe,* 281 Or 599, 576 P2d 4 (1978); *State v. Thompson,* 66 Or App 496, 674 P2d 92 (1984); *State v. Baron,* 66 Or App 713, 675 P2d 1089 (1984).

Reversed and remanded.[4]

---

balance of the sentence if the defendant were to comply with the court's order does not change the nature of the order from criminal to civil.

[3] ORS 33.020(1) provides:

"(1) Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both; but such fine shall not exceed $300 nor the imprisonment six months, except in the cases mentioned in subsection (2) of this section; and when the contempt is not one of those mentioned in ORS 33.010(1)(a) and (b), or in ORS 1.240(1), it must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby before the contempt can be punished otherwise than by a fine not exceeding $100.

"(2) In addition to the punishment provided for in subsection (1) of this section, the court or judge shall have power to constrain performance of any lawful order, judgment or decree of such court or judge, by imprisonment of the person failing or refusing to comply, until the order, judgment or decree has been complied with."

[4] We have considered defendant's other assignments. They lack merit.