Argued and submitted May 15, reversed and remanded July 29, reconsideration denied
November 13, petition for review denied December 15, 1987 (304 Or 547)

## In the Matter of the Marriage of

## GOLDSCHMIDT,
*Appellant,*

*and*

## GOLDSCHMIDT,
*Respondent.*

## STATE ex rel GOLDSCHMIDT,
*Respondent,*

*v.*

## GOLDSCHMIDT,
*Appellant.*

(15-84-05149; CA A40464)

740 P2d 206

James B. Ehrlich, Eugene, argued the cause for appellant. With him on the briefs was Larry O. Gildea, P.C., Eugene.

Margaret H. Leek Leiberan, Portland, argued the cause for respondent. On the brief were Ted E. Runstein, Wayne D. Palmer, Lisa C. Brown, and Kell, Alterman & Runstein, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Mother appeals from an order finding her in contempt for violations of visitation provisions in a dissolution judgment.[1] We reverse and remand.

The events that precipitated this proceeding occurred during the Thanksgiving and Christmas holidays in 1985. The dissolution judgment, which was entered on October 16, 1985, provides that father should have visitation with the parties' son on

"[a]lternating major holidays, except Christmas school vacation will be divided in half, excluding Christmas eve day and Christmas day during which time the child shall be with [mother]. Major holidays shall include: New Year's Eve and New Year's Day (as a unit); * * * Labor Day weekend; and, Thanksgiving four day holiday."

The judgment does not specify which parent was entitled to the child on the first major holiday after it was entered.

Both father and mother wanted to have the child for Thanksgiving, the first major holiday. Mother had had him with her over the Labor Day holiday. After numerous contacts, mother agreed at noon on Thanksgiving Day that father could take the child for the weekend. Father picked him up at 2:00 p.m. on that day. Father's attempts to work out a satisfactory Christmas visitation schedule were unsuccessful. On December 5, he made an affidavit in support of his motion to show cause why mother should not be adjudged in contempt for violations of the visitation provisions. He detailed the events leading up to Thanksgiving, including the fact that mother did not agree to the holiday visitation until noon on Thanksgiving Day. In addition, he stated that

"we have been unable to come to an agreement on * * * the equal division of the Christmas vacation. I fear that unless Mrs. Goldschmidt is held in contempt and made aware of the potential sanctions, I will be denied further holiday visitations."

A show cause hearing was begun on January 13, 1986, and continued on May 5, 1986. Father testified that he had had the

---

[1] Mother does not challenge any part of the dissolution judgment, but only the finding of contempt.

child for only five and one-half of the eight days to which he was entitled for Christmas vacation. The trial court found that mother "is in willful contempt of the court for the violation of [father's] Thanksgiving and Christmas visitation." She received a suspended sentence for a period of one year[2] and was directed to comply with the judgment.

■     Mother raises seven assignments of error. The first two challenge the finding of contempt for violations of visitation during the Thanksgiving holiday. Mother argues that, because the judgment did not specify which parent would be entitled to the child on the first major holiday, she cannot be held in contempt for attempting to assert that she should have the child for the holiday. Although we strongly disapprove of her tactics and maneuvers in attempting to assert her entitlement to the Thanksgiving period with her son and note that she did not assert the ambiguity of the judgment as a justification for her reluctance to allow Thanksgiving visitation until the show cause hearing, we agree that she cannot be held in contempt for a wilful violation when the judgment is not sufficiently specific to show that father was entitled to visitation. Mother was entitled to assert her interpretation of the judgment. Although the trial court did not accept her proposition that father was not entitled to Thanksgiving visitation, and we agree that father's position is the more logical reading, mother cannot have been in contempt for acting on her tenable interpretation.

■     Mother's third and fourth assignments of error challenge the finding of contempt for Christmas holiday visitation violations. She contends that the December 5 affidavit cannot support an order of contempt for conduct that occurred after the affidavit was submitted. The law is settled:

> "The initial affidavit alleging contempt must set forth a *prima facie* case. It is similar to a complaint and must give the alleged contemnor adequate notice of the charge." *State ex rel Jordan v. Jordan,* 79 Or App 290, 292, 719 P2d 50 (1986) (citations omitted).

When made, the pre-Christmas affidavit could not set forth a *prima facie* case, because the Christmas events had yet to

---

[2] ORS 33.020(1) limits imprisonment for contempt to six months. However, mother does not make any objection to the length of the sentence.

occur. Had mother timely objected to the form or sufficiency of the affidavit, her argument could prevail. *State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 405 P2d 510, 407 P2d 250 (1965), *cert den* 384 US 943 (1966). However, she assigns error to the denial of her motion to dismiss the contempt citation, which raised only the Thanksgiving issues. It was not until after judgment was entered in May, 1986, that she objected to the sufficiency of the affidavit. On a timely objection, the affidavit could have been corrected to include the Christmas events.

In *State ex rel Bassett v. Bassett,* 166 Or 628, 113 P2d 432, 114 P2d 546 (1941), the Supreme Court was faced with a similar untimely objection to a contempt affidavit. The court stated:

> "Whatever might have been the weight of the objection had it been made *in limine,* we think it has none when reserved until after the case has reached the appellate court.
>
> "* * * * *
>
> "The defendant was advised of the nature of the charge against him and, therefore, of the legal consequences which might follow from the proof of the facts alleged. * * * By appearing * * * and defending himself, he waived his objection to the technical defects of which he now complains." 166 Or at 633-35.

Mother does not claim that she did not know what the charges against her were or that she was prejudiced by the insufficiency of the affidavit. By failing to object timely, she waived her right to object on appeal. *State ex rel Bassett v. Bassett, supra; see also In the Matter of Virginia Hanks,* 290 Or 451, 623 P2d 623 (1981).

■■ Mother next contends that the trial court erred in denying her motion to set aside the judgment on the basis of her contention that the order is insufficient, because it does not contain findings of fact to support the conclusion that she was in contempt. The law is clear that, even in indirect contempt proceedings such as this one, a court must support its order of contempt with findings of fact. As we said in *State ex rel Jordan v. Jordan, supra:*

> "If the court makes a determination of contempt, it must make findings of fact in support of that judgment. The absence of findings is fatal, and the contempt cannot stand

without them. *State ex rel. Hixson v. Hixson,* 199 Or 574, 263 P2d 603 (1953); *Fitzgerald and Fitzgerald,* 70 Or App 625, 690 P2d 1114 (1984)." 79 Or App at 292.

Here, the trial judge ruled from the bench, stating that he found proof of contempt:

> "As far as the matter of visitation, the Court would find there has been proof of contempt in that respect as far as the Christmas visitation and I think Thanksgiving that the Court I believe under the circumstances, particularly as it relates to Christmas, I think that there was a frustration of the intention of the Court in respect to Christmas. Thanksgiving, while I think that there was a contempt in respect to that, the proof is not as strong but sufficient for the Court to make that finding."

The contempt order states that "[Mother] is in willful contempt of the court for the violation of [father's] Thanksgiving and Christmas visitation with the parties' son." The court does not specify what conduct it found to be contemptuous. We therefore must remand for findings of fact.

■    Mother also complains that the order is invalid, because it does not set forth the statutory basis for the finding of contempt. A contempt order must specify the statute on which the court relies for holding the defendant in contempt. *See Yowman and Yowman,* 79 Or App 43, 717 P2d 1243 (1986); *State v. Baron,* 66 Or App 713, 675 P2d 1089 (1984). However, mother did not raise this issue in her motion to set aside the judgment, and therefore the court was not presented with an opportunity to correct it. Although defendant may have waived her right to challenge the order on this basis due to the failure to raise it below, on the remand for findings of fact, the court should also set out the statutory authority for the contempt holding.

Finally, mother assigns as error the award of attorney fees to father. Given the remand to the trial court, we vacate the award.

Reversed and remanded.