Argued and submitted July 10, 1987, on appeal, judgment of contempt vacated and remanded, judgment for $4,202 reversed, judgment modified as to child support; on cross-appeal, judgment for attorney fees remanded, otherwise affirmed April 20, 1988

In the Matter of the Marriage of

CONNELLY,
*Respondent - Cross-Appellant,*

*and*

CONNELLY,
*Appellant - Cross-Respondent.*

STATE ex rel CONNELLY,
*Respondent,*

*v.*

CONNELLY,
*Appellant.*

(15-81-01913; CA A41995)

752 P2d 1258

William Cohnstaedt, Corvallis, argued the cause and filed the briefs for appellant - cross-respondent and appellant.

Ralph A. Bradley, Eugene, argued the cause for respondent - cross-appellant and respondent. With him on the brief was Bradley & Gordon, P.C., Eugene.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent State of Oregon.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Father appeals from an "order, decree and judgment" which modified the dissolution judgment entered in 1982, adjudged father to be in contempt and awarded mother a money judgment. Mother cross-appeals, contending that the court should have reduced father's visitation rights and awarded her more attorney fees.

Mother's three motions for separate orders to show cause were consolidated for hearing. The first sought an increase in child support; the second involved a contempt charge for failure to pay child support and sought a judgment; and the third involved a request for modification of father's visitation rights. The court increased father's child support obligation for the two children, found that he was in wilful contempt and awarded judgment against him for dental and medical bills and for property taxes and mortgage payments incurred during the parties' separation but before the dissolution judgment. The court awarded mother $500 attorney fees but did not alter the visitation schedule.

The parties were married in 1974. They separated in 1979, and the dissolution judgment was entered in 1982. They have two children, who are in custody of mother. At the time of the dissolution, both parties were unemployed and mother was receiving aid to dependent children.

The terms of the dissolution judgment were based on a negotiated settlement, and there was no trial. Mother was given the family residence, subject to a judgment in favor of father for $14,081 payable by May, 1986. Father was required to pay child support and to maintain dental and medical insurance for the children if it became available through his employment. He subsequently remarried and lives in Pennsylvania. He and his present wife have a child, and a son from her former marriage lives with them. Mother lives in Oregon and has not remarried.

Father has made only sporadic support payments. When the Support Enforcement Division sought to collect

child support arrearages, father borrowed money from his sister and paid about $11,260, which brought his support obligation current to June, 1986.[1] The judgment in this proceeding was entered on October 8, 1986.

Father's first contention relates to the finding of contempt:

> "The Court finds that [father] is in contempt because of his wilful failure to make obligated child support payments which he knew he was to make, and was financially capable of making. This noncompliance with the child support provisions of the Decree of Dissolution of Marriage has worked to Petitioner's and the children's substantial detriment and prejudice in that they were unable to meet their financial needs. The Court finds that [father] has made most of these proceedings necessary because of his failure to comply with these mandated obligations."

The operative portion of the judgment respecting contempt states:

> "[Father] is hereby held in contempt of court for wilfully violating the terms of the dissolution decree. Rather than imposing sentence or considering incarceration or fines at this time, the Court will allow [father] six months to purge himself of this contempt by bringing himself current in his outstanding financial obligations to [mother]."

Father combines two arguments in his challenge to the contempt judgment. He first contends, citing *Yowman and Yowman,* 79 Or App 43, 717 P2d 1243 (1986), that the judgment is deficient, because it does not specify the statutory grounds for the contempt. He is correct that there was no designation of the particular statute under which the court was proceeding, *State v. Baron,* 66 Or App 713, 675 P2d 1089 (1984), and that that is essential for appellate review. Equally vexing is the difficulty of determining whether the court punished father to enforce compliance with the dissolution judgment, as for a civil contempt, or whether the punishment was for a criminal contempt for failure to pay child support. The judgment and incorporated findings have some of the earmarks of both kinds of contempt.

---

[1] When father borrowed the money from his sister, he assigned to her the debt mother owes him under the dissolution judgment.

Mother, although agreeing that the judgment may be defective, argues that father did not raise that issue in the trial court in response to the judgment or in his motion for reconsideration and, therefore, has waived that challenge. In *Goldschmidt and Goldschmidt,* 86 Or App 610, 740 P2d 206 (1987), we suggested that that issue should be raised in the trial court. However, because we remanded that case for further proceedings, it was unnecessary to determine if the appellant had waived that particular challenge. The requirement of specificity in a contempt judgment is for the purpose of aiding appellate review as to the procedure and the appropriateness of the disposition. If we are hampered in our review by an inadequate judgment, we will return it to the trial court, despite a party's failure to raise the relevant issue in the trial court. Here, our review is frustrated by our uncertainty as to what the court intended. Accordingly, we reverse the portion of the judgment relating to contempt and remand for further proceedings not inconsistent with this opinion.

Father next contends that the court erred in giving mother a judgment

"for $4,202.00 representing the following:

| | |
|---|---|
| "Unpaid dental bills | $ 333.78 |
| "Unpaid medical bills | $ 107.50 |
| "Unpaid property taxes of $686.89 plus 9% legal rate of interest | $ 748.72 |
| "Unpaid mortgage payments of $2,550 plus 9% legal rate of interest | $3,012.00 |

"The Court finds that the Decree of Dissolution of Marriage obligated [father] to make these payments."

Although the amounts are designated as "unpaid," they were incurred by mother after the parties separated but before the date of the dissolution judgment in 1982 and were paid by her.

Father argues that all property rights, debts and obligations between the parties were disposed of by the dissolution judgment and that the court's action in this case is a modification of the property distribution, contrary to law. He

points out that the dissolution judgment awarded mother the real property and provided:

"[Mother] is ordered to pay and to hold [father] free and harmless therefrom all debts secured by or incurred for the purchase of the real property described above. Each party is ordered to pay and hold the other free and harmless therefrom all debts and obligations incurred by that respective party after the parties' separation in August 1979."

Mother argues that father was jointly liable for the children's medical care as well as the mortgage and tax payments for the residence during their separation. The quoted paragraph, she contends, relates only to individual debts incurred during the separation and before the dissolution trial. She contends that the court properly reduced the amounts to judgment. Her alternate theory of the court's authority is that, as a result of father's default in his child support obligation, she suffered damages in the amounts which the court awarded as damages incident to father's contempt. ORS 33.110 provides:

"If any loss or injury to a party in an action, suit or proceeding, prejudicial to the rights of the party therein, has been caused by the contempt, the court or judicial officer, in addition to the punishment imposed for the contempt, may give judgment that the party aggrieved recover from the defendant a sum of money sufficient to indemnify the party, and to satisfy costs and disbursements of the party, which judgment, and the acceptance of the amount thereof, is a bar to any action, suit or proceeding by the aggrieved party for such loss or injury."

■　　　There are two problems with mother's theories of recovery. First, the trial court's interpretation of the dissolution judgment is simply not supportable. That provision adjudicates the obligations between the parties as to all debts, whether they were joint or separate obligations. The dissolution proceedings and the resultant judgment were the vehicle for finally determining the property and financial relationship of the parties. The dissolution judgment does not obligate father for the payments incurred by mother during the period of separation when she had custody of the children and occupied the residence. It does not make separate provisions for payment of those obligations, and we do not interpret it to impose the liability the court under review later ascribed to it.

Mother obtained a default order, and her attorney prepared the judgment. The argument now advanced, some four years after the judgment was entered, appears to be an afterthought to recoup monies that mother expended but forgot to include specifically in the dissolution judgment. Imposing that obligation would be a modification of the decree not authorized by ORS 107.135 or any other statutory provision.

■    Mother's alternative argument is related to her first contention. She postulates that the court awarded the judgment under ORS 33.110 as part of the contempt proceeding. Mother sought the amounts awarded in her pleading initiating the contempt hearing. It is, however, difficult to tell from the court's findings and the judgment of contempt whether the court embraced that theory to award damages. If so, there is no proof that the amounts sought were "caused by the contempt" as required by ORS 33.110. The contempt recited in the judgment, whether it is civil or criminal and whether it is under ORS 33.110 or ORCP 78D, was father's failure to pay child support. The support obligation began with the 1982 dissolution judgment, but the expenses mother seeks to recoup were incurred before that. The only argument that she makes is that, because father owed those amounts as part of his joint obligation and had not paid them, it was proper to include them as damages in the judgment of contempt. Mother has not established any relationship of the pre-dissolution debts to the contempt for failure to pay child support. We conclude that there is no basis for the judgment in favor of mother.

■    Father's final contention is that the child support ordered is excessive. He mainly contends that the court did not consider his present obligations to his new family in relation to his ability to pay child support. The court increased support from $87.50 per child, a total of $175 per month, to $450 per child, a total of $900 per month. During July and August, father's visitation period, the support would be reduced to $250 per child. Additionally, father is required to pay one-half of the cost of certain medical and dental expenses of the children, whether they are covered by insurance or not. Father does not dispute that there has been a material change of circumstances since the original judgment. Shorn of verbage, father's essential argument is that he cannot afford to pay $900 per month child support. His take home pay is $1,690 per month. His present wife, who gave birth to a child just

before the trial in this proceeding, had been earning $1,100 gross per month. She was scheduled to return to work in the near future. Her net income from employment was not disclosed.

Mother's net income is approximately $400 per month. She lists the expenses of the two chidren at approximately $1,500 per month. Some of the expenses are simply not realistic, and some are expenditures that she would only make if money were available. A more realistic assessment of the children's needs is $900 per month.

If we apply the formula of *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), to those figures, the result is about $720 per month for both children that father would have to pay. As the court suggested in *Smith v. Smith, supra,* the gross figure should be adjusted, depending on the individual circumstances of the children and the parties. Although mother has a low monthly income, she received the family residence in the dissolution, and the mortgage is now paid in full. Father has a new family and additional support obligations, but his new wife's income would help to defray living costs. Also, father was ordered to pay one-half of the costs of medical and dental care, even if not covered by medical insurance.

Although father cannot disfavor his children from the former marriage and favor his new family, *see Betts v. Betts,* 18 Or App 35, 523 P2d 1055 (1974); *Walker v. Walker,* 30 Or App 317, 566 P2d 1222 (1977), the reality is that he has an obligation to provide for all of them. The support ordered, totalling $900 per month, would make it difficult, if not impossible, for him to support himself and his new family, even with income produced by his present wife. Applying the *Smith* formula and the other circumstances, we modify the judgment to require father to pay $300 per month per child, except during July and August when the amount shall be $200 per month per child.

On her cross-appeal, mother first contends that the court had no authority to award father the right to claim the children as dependents for income tax purposes, because neither party filed a motion seeking a modification in that respect. She does not otherwise challenge the modification. She is not correct in her assertion. She moved to modify the

child support obligation, ORS 107.135(1)(a), and, in considering the modification, the court "shall" consider, *inter alia,* "determination of which parent will claim the child as a [tax] dependent." ORS 107.105(1)(c)(F). The court was not prevented from making the modification just because no formal motion was filed.

■     Mother next assigns error to the court's refusal to modify father's visitation rights. He was given eight weeks visitation during the summer. Mother requests that that be reduced. We conclude that, under all the circumstances, including the fact that mother lives in Oregon and father in Pennsylvania, the court was correct in not modifying the visitation schedule.

Mother's last assignment on cross-appeal is that the court erred in awarding her only $500 as attorney fees. She complains that the award was made before the court was presented with her attorney's affidavit of the hours spent representing her. Because we remand this case for further proceedings regarding the contempt judgment, the court will have an opportunity to reconsider the petition for attorney fees.

On appeal, judgment of contempt vacated and remanded for further proceedings not inconsistent with this opinion; judgment for $4,202 reversed; judgment modified to increase child support to $300 per month per child, except during July and August when it is increased to $200 per month per child; on cross-appeal, judgment for attorney fees remanded for reconsideration; otherwise affirmed. No costs to either party.