Argued and submitted November 18, 1988, reversed and remanded July 26, 1989

In the Matter of the Marriage of

## SOMMERS,
*Petitioner,*

*and*

## SOMMERS,
*Respondent.*

## STATE ex rel SOMMERS,
*Respondent,*

*v.*

## SOMMERS,
*Appellant.*

(84-1611; CA A45525)

776 P2d 1324

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

The trial court held mother in contempt of court and sentenced her to two six month terms in the county jail. She appeals, and we reverse and remand.

The parties were married on December 18, 1982. Their daughter was born August 3, 1983. The marriage was annulled on August 13, 1985. The annulment judgment awarded custody of the child to mother, allowed father visitation rights and required him to pay monthly child support. It also restrained and enjoined both parties from removing the child from the state and restrained mother from refusing father visitation rights.

On August 29, 1985, father filed a motion for an order to show cause based on mother's refusal to allow him visitation. On October 25, 1985, the court held a hearing on the motion. Mother appeared and argued that she had refused to allow father visitation because she feared that he was sexually molesting the child. The court found that there was no objective basis to support that contention and ordered her to allow visitation. By an order dated January 3, 1986, the court found her in contempt for her behavior before the October 25 hearing and continued the hearing for sixty days to allow her to purge the contempt. Mother subsequently disappeared with the child, and father was unable to obtain visitation.

The court held another show cause hearing on a separate motion on August 22, 1986. Mother failed to appear, and the court awarded custody of the child to father.[1] Mother was arrested in July, 1987. She refused to reveal the whereabouts of the child. On July 30, 1987, the court sentenced her to six months in jail on the January 3, 1986, contempt order. On November 18, 1987, father filed another motion to hold mother in contempt. A show cause hearing was held on November 19, 1987. In an order dated December 4, 1987, the court found her in contempt for her conduct from October 25, 1985, until November 19, 1987, and sentenced her to another six months in the county jail.[2]

---

[1] The custody award was set aside by the court on November 19, 1987.

[2] Mother filed her notice of appeal of the July 30 order on August 28, 1987, and the notice of appeal of the December 4 order on January 4, 1988.

**1, 2.** Mother challenges the validity of the contempt orders on a number of grounds, including that the trial court failed to specify the statute on which it relied, failed to make findings of fact to support the contempt orders, entered two contempt orders and sentences for the same contempt and erred in finding appellant in contempt, because her conduct was not wilful or in bad faith. We hold that the contempt orders of January 3, 1986, and December 4, 1987, are defective, because they do not identify the statutory basis upon which they were entered. The specification of the statutory grounds for contempt is essential to allow an appellate court to review the trial court's action adequately. *Connelly and Connelly,* 90 Or App 484, 487-88, 752 P2d 1258 (1988); *Goldschmidt and Goldschmidt,* 86 Or App 610, 615, 740 P2d 206, *rev den* 304 Or 547 (1987); *Yowman and Yowman,* 79 Or App 43, 46, 717 P2d 1243 (1986). Because we do not know the statutory basis under which the court was proceeding, we are unable to determine if the court acted properly or to resolve mother's other arguments.

Reversed and remanded.