435

Submitted on record and briefs March 12, affirmed April 25, 1990

## ZOLLMAN et al,
### *Appellants,*
#### *v.*
## LEWIS,
### *Respondent.*
### (87-10-9569; CA A47830)
790 P2d 559

Ronald D. Schenck, Enterprise, filed the briefs for appellants.

George W. Kelly, Eugene, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

## EDMONDS, J.

Plaintiffs appeal from a judgment of criminal contempt. ORS 33.010. They make multiple assignments of error, only one of which merits discussion. We affirm.

Plaintiffs were required by a court order to manage a herd of cattle pending resolution of an underlying court proceeding. In violation of the order, they sold cattle without first applying for permission from the court. They argue that the contempt judgment is invalid, because it does not set forth the statutory basis for the finding of contempt. *See State ex rel AFSD v. Burkhart,* 80 Or App 681, 723 P2d 374 (1986). Defendant argues that his motion and order to show cause why plaintiffs should not be held in contempt expressly referred to ORS 33.010(1)(e)[1] and that plaintiffs did not object to the form of the judgment before the trial court.

The purpose for requiring a judgment to specify the statute under which a trial court makes its finding of contempt is to facilitate appellate court review. *Connelly and Connelly,* 90 Or App 484, 488, 752 P2d 1258 (1988). Although defendant brought his contempt proceeding under ORS 33.010(1)(e), that does not tell us the basis of the court's finding.

The court made its oral finding of contempt on February 1, 1988. An order memorializing that finding was filed on February 17. On February 22, a hearing was held on plaintiffs' motion for reconsideration, which was denied. On March 1, an amended judgment was filed that was substantially identical to the February 17 order, except that it was labeled "Amended order—contempt judgment" and purported to vacate "the former judgment of contempt." On March 7, a "Sentence order on contempt judgment" was filed. That document makes no findings regarding contempt, but merely imposes a sentence under the previous judgment. We hold that, under these facts, plaintiffs could have raised the defect

---

[1] ORS 33.010 provides, in relevant part:

"(1) The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court.

"* * * * *

"(e) Disobedience of any lawful judgment, decree, order or process of the court, except as provided in ORCP 78 C."

in the March 1 judgment in the trial court and given the trial judge an opportunity to correct it. Their failure to do so defeats their right to challenge the judgment on that basis on appeal. *See Goldschmidt and Goldschmidt,* 86 Or App 610, 615, 740 P2d 206 (1987).

Affirmed.