Submitted on record and briefs January 8, affirmed May 9, 1990

In the Matter of the Marriage of

MACHLIS,
*Petitioner,*

*and*

MACHLIS,
*Respondent.*

STATE ex rel MACHLIS,
*Respondent,*

*v.*

MACHLIS,
*Appellant.*

(87-DO-0348-TM; CA A49039)

791 P2d 147

Philip H. Garrow, Bend, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

**BUTTLER, P. J.**

Husband appeals from a judgment holding him in contempt for failing to pay spousal support and sentencing him to ten days in the county jail. He contends that the procedures that led to his incarceration for contempt were flawed. We affirm.

Wife filed for dissolution on August 7, 1987. On September 4, 1987, the trial court entered a judgment *pendente lite* awarding wife $600 per month in temporary spousal support. On October 22, 1987, husband moved to reduce his support obligation to zero. On October 27, 1987, the court issued an order requiring husband to show cause why he should not be held in contempt for his failure to pay spousal support. A hearing was held on that order on November 16, 1987. The court issued a letter opinion on January 27, 1988, finding that husband could not afford to pay wife $600 per month and reducing his support obligation to $250 per month, retroactive to November, 1987. It also found that husband's inability to pay $600 per month did not excuse his failure to pay wife *any* amount and that his refusal was wilful and in contempt of the court's September 4, 1987, order. The court permitted husband to purge the contempt by paying the required support timely, commencing February, 1988, for a period of one year, together with an additional $50 per month toward arrearages accruing prior to February, 1988. Another judgment was entered on February 19, 1988, which incorporated by reference the January 27, 1988, letter opinion.

On April 27, 1988, the court entered a final judgment in the dissolution proceeding. The next day, it issued an order to show cause why husband should not be held in contempt for disobeying the February 19 judgment. At the show cause hearing on June 13, 1988, the court found that husband had wilfully failed to pay any support to purge himself of the earlier contempt and, by an order entered on June 16, sentenced him to 10 days in the county jail for failure to pay support. Husband filed a notice of appeal on July 14, 1988.[1]

---

[1] In his notice of appeal, husband stated that he appealed from:

■    Husband challenges the February 19 judgment on the grounds that it did not contain sufficient findings of fact, *see Goldschmidt and Goldschmidt,* 86 Or App 610, 740 P2d 206, *rev den* 304 Or 547 (1987), and that it failed to specify the statutory basis for the contempt. *See Yowman and Yowman,* 79 Or App 43, 717 P2d 1243 (1986). We do not reach either contention. That judgment was appealable, ORS 33.150; *State ex rel v. Manchester,* 167 Or 250, 115 P2d 181 (1941), and husband's failure to file a timely notice of appeal from it precludes him from raising procedural defects related to it in this appeal.

■    With respect to the June 16 sentencing order,[2] husband contends that the April 28, 1988, show cause order was not supported by affidavit, ORS 33.040, and that the order required him to appear only to show cause why he should not be held in contempt for disobeying the February 19 judgment, which had also previously adjudged him to be in contempt. He contends that the show cause order was insufficient to apprise him that the hearing would be a sentencing hearing. At the hearing, however, he did not object to the sufficiency of the affidavit or the order or to the nature of the hearing. Rather, he only presented evidence to mitigate his sentence. By failing to object timely, husband waived his right to raise those questions on appeal. *State ex rel. v. Bassett,* 166 Or 628, 633-35, 113 P2d 432, 114 P2d 546 (1941).

Affirmed.

---

1. "Order and Judgment *Pendente Lite*" dated February 19, 1988.

2. Order amending that judgment dated April 23, 1988.

3. Dissolution decree dated April 23, 1988.

4. Letter opinion dated February 19, 1988.

5. Sentencing order entered June 16, 1988.

6. Interlocutory order dated June 1, 1988.

7. Interlocutory order dated June 13, 1988.

Earlier, we dismissed the appeal insofar as it related to the first four items. With respect to the remaining items, husband assigns errors only to the order to the June 16, 1988, sentencing order.

[2] The sentencing order is an appealable judgment. ORS 33.150; ORS 19.010(1)(a).