138

Argued and submitted January 27, order remanded for further proceedings; otherwise affirmed March 11, 1992

In the Matter of the Marriage of

Friedgard V. B. Hodges FRENCH,
nka Friedgard Van Eck,
*Appellant,*

*and*

James Robert FRENCH,
*Respondent.*

(D8409-66571; CA A64927)

827 P2d 944

Kathryn S. Augustson, Portland, argued the cause for appellant. With her on the brief was Johnston & Augustson, P.C., Portland.

Kathryn H. Clarke, Portland, argued the cause for respondent. With her on the brief were Allan P. Knappenberger and Knappenberger & Mendez, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

### DURHAM, J.

Mother appeals from two trial court orders holding her in contempt. We remand the April 4, 1990, order for further proceedings and otherwise affirm.

Mother's and father's marriage was dissolved in 1986. In 1989, problems arose concerning father's visitation with the parties' children. Mother had custody, and father was entitled to visitation every other weekend and to telephone visitation two evenings per week. According to him, mother interfered with his visits. She and the children also missed two family therapy sessions that they were supposed to attend with father and his new wife. After those incidents, father moved to change custody from mother to him. On April 4, 1990, the trial court modified the visitation provisions and held mother in contempt for denying father telephone visitation. She received 18 months of bench probation on the condition that she affirmatively comply with the letter and spirit of the visitation provisions. On May 31, 1990, mother was again found in contempt for interfering with father's visitation rights and for failing to bring the children to therapy. The court ordered her to pay father $190 to reimburse the cost of the missed therapy sessions and suspended father's $800 per month child support obligation until she had complied with existing court orders for 30 days.

Mother appeals from each contempt order. Father concedes that the April 4 order is deficient, because it does not contain specific findings. *See Goldschmidt and Goldschmidt,* 86 Or App 610, 614, 740 P2d 206, *rev den* 304 Or 547 (1987). We accept the concession and remand that order for specific findings.

Mother argues that the May 31, 1990, order was for criminal contempt and assigns error to the court's failure to apply the beyond a reasonable doubt standard of proof, which applies in a criminal contempt proceeding. *Hicks v. Feiock,* 485 US 624, 108 S Ct 1423, 99 L Ed 2d 721 (1988). Contempt is criminal when the penalty

"is imposed as punishment for a completed contempt that can no longer be avoided by belated compliance." *State v. Thompson,* 294 Or 528, 531, 659 P2d 383 (1983).

Contempt is civil when the penalty

> "is 'imposed in order to compel compliance with an order and will end as soon as the respondent complies.' *State v. Thompson,* [*supra*]. That is the situation often described as a case where the defendant carries the key to his own jail cell." *State ex rel Dwyer v. Dwyer,* 299 Or 108, 111, 698 P2d 957 (1985).

This is a civil contempt matter, because mother can purge her contempt by affirmatively complying with the visitation decree for 30 days. The court was not required to find mother guilty beyond a reasonable doubt.

■    Mother argues that the contempt order is defective, because it does not recite the statutory basis for holding her in contempt. Contempt orders must contain that information. *See, e.g., Sommers and Sommers,* 97 Or App 662, 665, 776 P2d 1324 (1989). Mother failed to preserve the error and did not give the trial court an opportunity to correct it. Accordingly, we will not consider the error on appeal. *See Zollman v. Lewis,* 101 Or App 435, 438, 790 P2d 559 (1990).

■■   Mother asserts that the contempt order is also deficient because it does not contain specific findings, including a finding that she acted willfully and with bad intent when she violated the visitation decree. Contempt orders must include specific findings. *Goldschmidt and Goldschmidt, supra,* 86 Or App at 614. The court found mother in willful contempt. It was not required to make a separate finding of bad intent, because a finding of willfulness *is* a finding of bad intent. *See Couey and Couey,* 312 Or 302, 306, 821 P2d 1086 (1991).

■    Finally, mother argues that the court erred when it ordered her to pay father for the missed therapy sessions and suspended father's child support obligation, because the orders were not authorized by *former* ORS 33.020(1).[1] That

---

[1] *Former* ORS 33.020(1) (*repealed by* Or Laws 1991, ch 724, § 32) provided:

"Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both; but such fine shall not exceed $300 nor the imprisonment six months, except in the cases mentioned in subsection (2) of this section; and when the contempt is not one of those mentioned in ORS 33.010(1)(a) and (b), or in ORS 1.240(1), it must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby before the contempt can be punished otherwise than by a fine not exceeding $100."

statute is not applicable here, because the amounts ordered to be paid were not fines; they were authorized by *former* ORS 33.110.[2] The order suspending the child support obligation was authorized by ORS 107.431(1),[3] and father satisfied the requirements of that law. The orders were correct.

April 4, 1990, order remanded for further proceedings not inconsistent with this opinion; otherwise affirmed. No costs to either party.

---

[2] *Former* ORS 33.110 (*repealed by* Or Laws 1991, ch 724, § 32) provided:

"If any loss or injury to a party in an action, suit or proceeding, prejudicial to the rights of the party therein, has been caused by the contempt, the court or judicial officer, in addition to the punishment imposed for the contempt, may give judgment that the party aggrieved recover from the defendant a sum of money sufficient to indemnify the party, and to satisfy costs and disbursements of the party, which judgment, and the acceptance of the amount thereof, is a bar to any action, suit or proceeding by the aggrieved party for such loss or injury."

[3] ORS 107.431(1) provides:

"At any time after a decree of annulment or dissolution of a marriage or a separation is granted, the court may set aside, alter or modify so much of the decree relating to visitation of a minor child as it deems just and proper or may terminate or modify that part of the order or decree requiring payment of money for the support of the minor child with whom visitation is denied after:

"(a) Motion to set aside, alter or modify is made by the parent having visitation rights;

"(b) Service of notice on the parent or other person having custody of the minor child is made in the manner provided by law for service of a summons;

"(c) Service of notice on the administrator of the Support Enforcement Division of the Department of Justice when aid, as defined in ORS 418.035(2), is being granted to or on behalf of any dependent child of the parties. As an alternative to the service of notice on the administrator, service may be made upon the branch office of the division which provides service to the county in which the motion was filed. Service may be accomplished by personal delivery or first class mail; and

"(d) A showing that the parent or other person having custody of the child or a person acting in that parent or other person's behalf has interfered with or denied without good cause the exercise of the parent's visitation rights."