Argued October 27, reversed November 18, 1953

# STATE ex rel. HIXSON *v.* HIXSON
### 263 P. 2d 603

*Lyle R. Wolff,* of Baker, argued the cause and filed a brief for appellant.

*William L. Jackson* argued the cause for respondent. On the brief were Dunn & Jackson, of Baker.

Before LATOURETTE, Chief Justice, WARNER, ROSSMAN, LUSK and TOOZE, Justices.

TOOZE, J.

This is a contempt proceeding by the State, on the relation of Leslie Hixson, against Celestine Hixson Randall, as defendant. From an order adjudging her in contempt, defendant appeals.

This action arose out of certain orders and decrees entered in a divorce proceeding in the circuit court for Baker county, wherein Celestine Hixson (Randall) is the plaintiff and Leslie Hixson is the defendant. At about the same time this contempt matter was instituted, Leslie Hixson, as defendant in the divorce suit, filed his motion to modify the divorce decree (as modified) respecting the custody of minor children. Both matters were consolidated for the purpose of trial and for the purpose of this appeal. On this day we are handing down an opinion in the modification proceeding, in which the facts are more or less stated at length. It is, therefore, unnecessary to restate those facts in this opinion.

This proceeding was commenced by Leslie Hixson by the filing of a motion for an order requiring the defendant, Celestine Hixson Randall, to appear and show cause why she should not be held in contempt

of court for having wilfully violated a decree of the court entered December 27, 1951. The motion was supported by Leslie Hixson's affidavit, wherein are set forth the facts which it is claimed constituted such contempt of court on the part of defendant. On June 27, 1952, an order to show cause, directed to defendant, was issued and served upon defendant. Defendant duly appeared in answer to the order.

This matter came on for trial before the court on April 8, 1953. Upon the conclusion of the trial the court did, on April 27, 1953, enter the following order (omitting formal parts):

"THIS MATTER having come on regularly to be heard on the 8th day of April, 1953, upon an Order entered herein requiring the Defendant to appear and show cause why she should not be punished as and for her contempt and for her misconduct in failing to obey the Order of this Court made and entered herein on the 27th day of December, 1951, Plaintiff appearing personally and by his Attorney, William L. Jackson, and the Defendant appearing personally and by her Attorney, Lyle R. Wolff, and the Court having heard the testimony of both parties and being fully advised in the premises, finds:

"That the Defendant is guilty of contempt for misconduct in failing to obey the Order of this Court made and entered herein on the 27th day of December, 1951, and that such misconduct was calculated to and did impair, deviate, impede and prejudice the rights of the prosecutor, Leslie Hixson, in the cause, and,

"It is hereby CONSIDERED, ORDERED, ADJUDGED and DECREED that the Defendant pay a fine of $100.00.

"DONE and DATED in Chambers at Pendleton, Oregon, this 23rd day of April, 1953."

The trial court made no findings of fact upon which to base such order and judgment.

■ Contempt proceedings in this state are governed by statute: §§ 11-501 to 11-516, incl., O.C.L.A. They are in the nature of proceedings at law, and not of proceedings in equity. It is firmly established in Oregon that proceedings for the punishment of those accused of the violation of a decree or order of court are quasi criminal, and the statutory provisions relating thereto must be strictly complied with. *State ex rel. v. Stewart,* 163 Or 585, 601, 96 P2d 220; *State ex rel. v. Mount,* 139 Or 694, 700, 10 P2d 606. A direct contempt is one committed in the immediate view and presence of the court or officer, and such a contempt may be punished summarily; but in such a case it is necessary that an order be made reciting the facts as occurring in such immediate view and presence, and determining that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed. § 11-503, OCLA. In all cases other than direct contempts, before any proceedings can be taken therein, the facts constituting the contempt must be shown by affidavit and must be sufficient for the purpose. § 11-504, OCLA. The instant case is one involving an alleged indirect contempt. We refrain from discussing the sufficiency of the affidavit filed in this action, because that is unnecessary to a decision in the case.

■ As before observed, the trial court made no findings of fact upon which to base such judgment. The failure of the court so to do is a fatal defect in the proceedings, and the judgment for contempt cannot stand. Such findings must be made and filed, and they must support the judgment. This matter is governed by

our holding in *State ex rel. v. Bassett,* 166 Or 628, 635, 113 P2d 432, 114 P2d 546, where Mr. Justice Lusk, speaking for the court, fully discusses the question and announces the applicable rules.

■ Moreover, although unnecessary to this opinion, an examination of the evidence appearing in the record fails to reveal any substantial evidence that would support a finding and judgment of contempt.

Judgment reversed.