Argued July 2, affirmed September 10, 1964

STATE ex rel LEMON *v.* LEMON

395 P. 2d 161

*Julian Herndon, Jr.,* Portland, argued the cause for appellant. On the brief were Buss, Pihl & Herndon.

*Vincent Ierulli,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney for Multnomah County, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of the circuit court for Multnomah county sentencing him to the county jail for a period of 180 days and imposing upon him a fine of $300. The sentence and fine were based upon a finding that defendant was in contempt of court as a consequence of violating a decree of divorce. The decree awarded custody of the child of the parties to plaintiff. Contrary to the decree defendant took the child from plaintiff and removed her outside of Oregon where he detained her for a period of approximately four months.

Defendant contends that under the circumstances of the present case the court's power to impose a penalty for contempt was limited to the imposition of a fine not exceeding $100. Defendant relied upon ORS 33.020, which provides as follows:

"(1) Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both; but such fine shall not exceed $300 nor the imprisonment six months, except in the cases mentioned in subsection (2) of this section; and when the contempt is not one of those mentioned in paragraphs (a) and (b) of subsection (1) of ORS 33.010, or in subsection (1) of ORS 1.240, it must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby before the contempt can be punished otherwise than by a fine not exceeding $100.

"(2) In addition to the punishment provided for in subsection (1) of this section, the court or judge shall have power to constrain performance of any lawful order, judgment or decree of such court or judge, by imprisonment of the person failing or

refusing to comply, until the order, judgment or decree has been complied with."[1]

It will be noted that the foregoing statute empowers the court to impose a fine in excess of $100 if it "appear[s] that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced" by the conduct in contempt of court.

Defendant contends that no interest of plaintiff was defeated or prejudiced by his conduct which brought him in contempt of court.

Plaintiff had the right to the custody of the child. Defendant deprived her of this right of custody for a period of approximately four months. This conduct "prejudiced" plaintiff's right and therefore falls within the exception in ORS 33.020 permitting the imposition of a penalty in excess of $100. *Accord, State ex rel Kruckman v. Rogers et al,* 124 Or 656, 265 P 784 (1928).

The judgment of the lower court is affirmed.

---

[1] ORS 33.010 (1) (a) and (b) provide:

"(1) The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

"(a) Disorderly, contemptuous or insolent behavior toward the judge, while holding the court, tending to impair its authority or to interrupt the due course of a trial or other judicial proceeding.

"(b) A breach of the peace, boisterous conduct or violent disturbance, tending to interrupt the due course of a trial or other judicial proceeding."

ORS 1.240 (1) provides:

"Every judicial officer has power:

"(1) To preserve and enforce order in his immediate presence, and in the proceedings before him, when he is performing a duty imposed upon him by statute."