Argued December 19, 1973, affirmed January 7, 1974

STATE ex rel GARTZKE, aka CONNIE ALLEN,
*Appellant, v.* GARTZKE (No. 325-722), *Respondent.*

517 P2d 1071

*Gerald R. Pullen,* Portland, argued the cause for appellant. With him on the brief was Douglas A. Shepard, Madras.

*Gary M. Galton,* Portland, argued the cause for respondent. With him on the brief was Alan M. Scott, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

The parties were divorced June 8, 1967. The wife received custody of the four minor children, and the husband, a truck driver, was required to pay $50 per month per child as child support. On September 12, 1967, based upon written stipulation of the parties, custody of the four minor children was, by order of the court, transferred to the father and his child support obligation was terminated. Each party has remarried.

In November 1968, at the request of the mother, who had moved to Madras from the Portland area, the court entered an order granting her certain visitation rights. In March 1973 the wife sought by motion and

affidavit to have the husband held in contempt for failure to comply with the visitation order of November 1968.

In May 1973 the husband sought modification of the decree to require the wife to contribute $100 per month per child as child support and further asked that she be restrained from contacting or harassing the children outside of the prescribed visitation periods.

Following the hearing the court concluded that neither party was in contempt for willful failure to comply with the decree and that the decree be modified to compel the wife to pay $20 per month per child, a total of $80, as child support; it also spelled out in specific detail the wife's visitation rights.

The plaintiff-wife appeals from two portions of the order: the failure of the court to hold the husband in contempt and the requirement that she pay $20 per month per child as child support.

■ ■ Generally, the question of whether a litigant should be adjudged in contempt of the court is entrusted to the discretion of the trial judge and will not be disturbed except for an abuse thereof. *Taylor v. Gladden*, 232 Or 599, 377 P2d 14 (1962). This rule has application to divorce suits. *State ex rel Hixson v. Hixson*, 199 Or 574, 263 P2d 603 (1953).

In the latter case, which involved child custody, the trial court failed to make any findings of fact to support a judgment of contempt. The Supreme Court said:

"As before observed, the trial court made no findings of fact upon which to base such judgment. The failure of the court so to do is a fatal defect in the proceedings, and the judgment for contempt

cannot stand. Such findings must be made and filed, as they must support the judgment. This matter is governed by our holding in *State ex rel. v. Bassett,* 166 Or 628, 635, 113 P2d 432, 114 P2d 546, where Mr. Justice Lusk, speaking for the court, fully discusses the question and announces the applicable rules." 199 Or at 577-78.

Here the trial court made no findings of fact based on the alleged indirect contempt which could support an order of contempt had it entered one. Its order simply stated:

"IT IS FURTHER ORDERED and ADJUDGED that neither party is determined in Contempt of this Court, and there shall be no award of attorney's fees."

■ The record is devoid of any requested findings of fact made by either party. ORS 17.431. There was, therefore, no error of which this court could take notice in any event.

■ Concerning the claimed error in allowing child support obligations to be entered against the wife, our examination of the transcript satisfies us that there was no error. Plaintiff and her present husband are the owners and operators of a bowling alley. Mr. Allen, plaintiff's present husband, testified that annual payments of $25,000 from cash income derived from the business were made for at least the past four years, and that the net worth of himself and his wife was between $90,000 and $150,000. The wife also had income of $1,200 of her own in addition to the above.

In *D'Ambrosio v. D'Ambrosio,* 15 Or App 425, 515 P2d 1353 (1973), we stated that a wife may be ordered to contribute to the support of her minor children under proper circumstances. ORS 107.105 (1) (b).

We think the award of $80 per month to be paid to the father by the mother as support for the four minor children was amply supported by the evidence and within the discretion of the trial judge.

Affirmed.