Argued and submitted December 28, 1984, modified and affirmed May 22, 1985

In the Matter of the Marriage of

GATTI,
*Appellant - Cross-Respondent,*
*and*

GATTI, nka Gilliam,
*Respondent - Cross-Appellant.*

(114-116; CA A30503)

699 P2d 1151

Richard D. Gatti, Salem, argued the cause for appellant - cross-respondent. With him on the briefs was Gatti, Gatti, Maier, Smith & Associates, P.C., Salem.

Richard C. Goss, Portland, argued the cause for respondent - cross-appellant. With him on the brief was George E. Birnie, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Wife and husband both appeal from the joint custody, child support and attorney fees provisions of their modified dissolution decree. We grant custody to wife and affirm as modified.

Husband is an attorney practicing in Salem, and wife is employed in Portland. The parties' marriage of five years was dissolved in 1979. The decree incorporated the parties' agreement for joint custody of the two minor children, a son, born in March, 1977, and a daughter, born in October, 1978.[1] The custody arrangement apparently worked well until wife moved from Salem to Portland in August, 1982.[2] Husband immediately brought this modification proceeding, seeking sole custody of the children. The judge made findings from the bench that the parents are equally qualified and "really quite superior in [the] ability to parent." He then refused to eliminate joint custody but gave "physical" custody to wife.[3]

---

[1] The original decree provided in pertinent part:

"The Husband and Wife are both fit and proper persons to have the care, custody and control of the above mentioned minor children of the parties, to-wit: DANIEL JAMES GATTI and DiANDRA MERINE GATTI. The parties hereto believe that it is in the best interest of the minor children that their care, custody and control be awarded to both Husband and Wife as joint custodians. Under this joint custodial arrangement, due to the age of the children, Wife shall have said minor children reside with her as much as practical during the week except that the Husband shall arrange to have the children with him, as much as practical, two nights during the week together with alternate weekends between Husband and Wife. In addition to the custody arrangement specified herein, each parent shall have visitation with the minor children of the parties as is necessary and as deemed appropriate between the parties during such times as the children are with the other parent."

[2] The move was not unanticipated. The original decree provided:

"Husband or Wife shall not change his or her residence or that of the minor children from the greater Salem, Oregon area that being within a radius of forty-five (45) miles from downtown Salem, Oregon without prior order of the Court herein being first obtained upon written notice to the Husband or Wife. Any move or change of residency is contrary to the agreement of the parties herein and shall constitute a change of circumstances for the purpose of determining custodial rights and support."

Wife's home in Portland is 42 miles from "downtown Salem."

[3] The trial judge was aware that his ruling was contrary to the opinions of this court:

"I do not believe that there should be a change in the joint legal custody in this case. This runs contrary, I recognize, to some opinions that Judge Joseph and others have thought through carefully and have issued in the past and runs

■ "Joint custody" has not been awarded when the effect of a decree actually awards custody to one parent and provides, for example, extensive visitation rights to the other, as in this instance. The modified decree purports to continue joint custody with wife's home as the primary residence, but it does not reflect that the parties can or will share equal responsibility and authority in the lives of the children or make mutual decisions regarding the children's welfare without the continual intervention of the courts. *See Murray and Musto,* 47 Or App 245, 249, 614 P2d 132, *rev den* 290 Or 1 (1980). The decree contains more than six pages of detailed arrangements for holidays, birthdays, hours of pickup and delivery and telephone visitation. The parties are restrained from making derogatory comments about each other and are ordered to "cooperate" in regard to religious upbringing, counseling and schools. Child support payments from husband are significantly increased. Neither party wants joint custody to continue, and we cannot compel what they will not do in the circumstances. *See Handy and Handy,* 44 Or App 225, 229, 605 P2d 738 (1980).

■ On de novo review of the record, we find no reason to disturb the award of custody to wife which the trial judge in fact made. Husband admitted that, at the time of dissolution, he intended that wife would be the "primary custodial parent." There is no evidence that she is now any less capable of fulfilling that role. There is sufficient evidence to warrant the conclusion reached by the trial judge from his vantage of viewing the witnesses, and we agree with his conclusion that wife should have custody of the children. *McFadden v. McFadden,* 206 Or 253, 257, 292 P2d 795 (1956). Accordingly, we delete the joint custody and primary residence provisions of the modified decree and award sole custody to wife, subject to the visitation rights of husband set forth in the decree. Paragraphs 5 and 6 are deleted.

■■ We also affirm the award of child support. The trial judge found the "needs" of the children to be $1,470 per month and ordered husband to pay $450 per month per child.[4] Wife

---

contrary to what I normally have done in the past, as well. If I were dealing with two people in this case that were less capable intellectually, I might not do what I am going to do. But I'm not."

[4] At the time of hearing, payments by husband were $175 per month per child. The payments are to increase to $529.20 in December, 1985.

argues that the children's needs are greater than that; husband counters that the children's needs are actually the result of an increase in wife's standard of living, for which he should not have to pay. Consideration of luxuries and comforts which would have been shared by the children and provided by the parents but for the dissolution is appropriate. *Trombley v. Trombley,* 225 Or 209, 211, 357 P2d 283 (1960). An increase in child support is also justified by wife's greater responsibility for the children.

■      The combined income of the parties at the time of the modification proceeding was $98,516 per year. The parties stipulated that husband's contribution should be 72 percent under the formula in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). We agree with the court's determination of the children's needs and its application of the principles of *Smith v. Smith, supra.*

■■      Husband argues that the trial court erred in failing to give him full credit for alleged overpayments under the original dissolution decree and also erred in awarding wife $16,000 in attorney fees. Wife argues that he has waived his right to appeal these issues.

The court found an overpayment of $4,918.87 and stated:

> "So as a practical effect, the forty-nine eighteen eight-seven will actually be an offset against the award of attorney's fees because it's the court's view that the attorney's fees cannot be paid in a cash lump sum basis."

On April 25, 1984, wife's attorney filed a "Full Satisfaction of Judgment" for the attorney fees. The satisfaction is in the record and does not mention any offsetting credit; nonetheless, it reflects a satisfaction of the whole judgment against which the modified decree provides for a setoff. The trial court and the parties have treated these two issues as interdependent. The provisions are, thus, so closely connected that husband cannot take the legal benefit of one and still retain the right to appeal the other. *See Pac. Gen. Contrs. v. Slate Const. Co.,* 196 Or 608, 612, 251 P2d 454 (1952).

In *Nickerson and Nickerson,* 296 Or 516, 678 P2d 730

(1984), the Supreme Court reviewed the dissolution cases in which a question was raised as to whether a party had waived the right to appeal by acquiescing in the underlying decree. The court stated:

> "We now hold that something more than 'mere recognition' of the binding force of the decree is required to constitute acquiescence resulting in waiver of the right to appeal. A party is bound to the judgment or decree if the objective sought by its subsequent actions under the decree can be attained. Where the act purportedly demonstrating acquiescence is without legal effect and can further no interest of the party, no acquiescence occurs." 296 Or at 522.

The objective sought by husband was satisfaction of the judgment for attorney fees. The fees were determined by the trial court with the overpayment credit in mind. The legal effect of the steps taken by husband in satisfying the judgment is that the decree is final on those issues, and he has waived his right to appeal the overpayment credit and the attorney fees.[5]

Decree modified to award custody to wife and to delete Paragraphs 5 and 6 of the decree; otherwise affirmed. Costs to wife.

---

[5] Wife has cross-appealed that she should have been awarded $25,000 in attorney fees, arguing that she was not a party to the settlement of attorney fees and therefore has not accepted the benefits of the decree so that she is precluded from appealing. We disagree. The judgment awarded attorney fees to "Sharon Gilliam and [her attorney] Katherine English, jointly and severally." Wife is also bound in this court by the satisfaction of judgment.