Argued and submitted October 7, 1985, reversed and remanded February 26, 1986

In the Matter of the Marriage of

## KNIGHT,
*Appellant,*
*and*

## KNIGHT,
*Respondent.*

(D77-02-02419; A35456)

714 P2d 1085

Brad Littlefield, Portland argued the cause and submitted the brief for appellant.

Allen D. Sobel, Portland, argued the cause and submitted the brief for respondent.

Before Gillette, Presiding Judge, Pro Tempore, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Mother appeals from a trial court order denying her motion to modify the parties' dissolution decree by increasing father's child support obligation. The trial court concluded that she had failed to show a substantial change in circumstances since the last order and that, even if she had shown a change, she had not shown sufficiently what the expenses of the children were at the time of the hearing. On *de novo* review, we conclude that mother did show a substantial change of circumstances. For the reasons stated below, we reverse and remand for a hearing on the merits of her claim for increased child support.

■ When the parties divorced in 1978, father was ordered to pay $200 monthly child support for each of three children and $300 monthly spousal support for five years. He only made partial payments, and by January, 1979, he was substantially in arrears. At that time, he told mother that he could not afford to continue paying spousal support. Because she needed money badly, she agreed to give up her spousal support, conditioned on his promise that he would pay $600 monthly child support. Our review of the record indicates that the 1979 agreement, which was signed by both parties, was neither filed with nor approved by the circuit court. Therefore, it cannot have been a modification of the original decree. Moreover, there is no indication, at least in this record, that the agreement was supported by any legal consideration.

■ The oldest child is now emancipated. In October, 1984, mother moved to increase child support to $300 monthly for each of the two minor children. In 1978, father earned $30,000. His earnings for 1979 through 1984 were: 1979, $59,000; 1980, $50,488; 1981, $51,672; 1982, $53,713; 1983, $57,307, and 1984, $50,000 (estimated). The middle child, now 16, incurred unexpected medical expenses when she was hospitalized for 8 days. Her doctors wanted her to stay in the hospital for 3-4 weeks. Father has medical insurance for the children, but it did not pay all of her medical expenses. A substantial balance is still owing. That child also has had problems at school. She was working for a GED. Mother was paying $3,000 for GED courses. After receiving her GED, the child wants to attend beauty school. Her tuition and books there will cost $4,695.

Mother argues that her evidence shows a substantial change in circumstances: (1) father's income has increased substantially; (2) the children are older; (3) inflation; (4) one child has had unexpected medical and educational expenses; and (5) father's expenses are substantially less in that his support payments in fact have been reduced, because he has not paid spousal support since 1979 and child support for the parties' oldest child terminated in 1984. He also has paid the marital debts that he was ordered to pay by the decree.

A change in a non-custodial parent's income may be a sufficient change in circumstances to warrant a modification of child support. *State ex rel Clark v. Hurst,* 36 Or App 569, 571, 585 P2d 33 (1978). Inflation and the fact that children are older may also be sufficient changes in circumstances to warrant a modification of child support. *Feves v. Feves,* 198 Or 151, 164-65, 254 P2d 694 (1953). In *Stilson and Stilson,* 73 Or App 203, 204, 698 P2d 491, *modified on other grounds,* 74 Or App 146, 700 P2d 1065 (1985), we stated:

> "The increase in the costs of rearing the children attributable to their growing older, together with the increase in father's income, constitute a change of circumstances justifying an increase in child support."

Clearly, mother has shown a substantial change in circumstances since the 1978 decree. Thus, she was entitled to a hearing on the merits of her claim for additional child support.

However, the trial court also concluded that, even if mother had shown a substantial change of circumstances, she did not show what the expenses of the two minor children were at the time of the hearing. We disagree. She showed that the children's expenses had increased substantially. Ordinarily, we would determine on the evidence in the record the amount of child support that father should pay. However, in this case, it is apparent that mother has a substantial judgment against father for delinquent spousal and child support. We conclude that this case must be remanded for further proceedings, including a hearing on the merits of mother's claim for increased child support for the two minor children.

Reversed and remanded for further proceedings. Costs to mother.