On respondent's reconsideration filed August 11, reconsideration allowed and former opinion (84 Or App 704, 735 P2d 627) adhered to September 16, petition for review denied November 3, 1987 (304 Or 311)

In the Matter of the Marriage of

### JACOBSON,
*Appellant,*

*and*

### JACOBSON,
*Respondent.*

(87047; CA A36935)

742 P2d 691

Clayton C. Patrick, Salem, and J. David Coughlin, Baker, for petition.

VAN HOOMISSEN, J.

Rossman, J., dissenting.

## VAN HOOMISSEN, J.

Father petitions for reconsideration of our decision in this case. *See Jacobson and Jacobson,* 84 Or App 704, 735 P2d 627 (1987). We grant reconsideration solely to consider a trial court exhibit (Exhibit U) which we did not consider before because we found that it was not part of the record on appeal. *See* 84 Or App at 707 n 2. Father's motion to supplement the record to include Exhibit U had been allowed; however, the exhibit had not been transmitted to us by the trial court. It has now been transmitted.

We have reexamined the record, including Exhibit U, and adhere to our original decision.

## ROSSMAN, J., dissenting.

I originally dissented in this case because I believed that the unfortunate effect of the majority opinion was to render unenforceable any and all stipulated, court-approved provisions in dissolution decrees providing for a future change in custody. Now, I write separately for an additional reason. The majority quite properly has granted reconsideration to father so that it can consider trial court Exhibit U, which——due to an error by the trial court clerk's office—had not been included in the court record for our original review. Like the majority, until now I have not had the opportunity to see this exhibit. Exhibit U is the deposition of Dr. Gibbs, and I believe it is much more significant for the appropriate resolution of this case than the majority does.

In ultimately deciding this case on the merits—involving what is in the best interests of the child—the majority found fault with the trial judge in not considering the relevant factors set forth in ORS 107.137(1) pertaining to a change of custody.

"Specifically, the court appears to have given little weight, if any, to the child's expressed preference to stay with the mother." 84 Or App 704, 710-11, 735 P2d 627 (1987).

It is at this point in the opinion that the discussion on the merits comes to a sudden end leaving the impression that, because of the error by the trial judge in not considering the child's wishes, we are reversing the trial court. Exhibit U

makes it abundantly clear that the majority has not fairly appraised the trial judge's actions in this case.

The majority focuses on the child's statements that he wanted to stay with his mother:

> "The child expressed a desire to stay out of the conflict between his parents and a willingness to abide by the trial court's decision, but he told Dr. Sack and Dr. Boverman, mother's experts, that he would prefer to stay with her." 84 Or App at 630.

Exhibit U reveals that the child stated to Dr. Gibbs

> "that he had been avoiding his father earlier because his mother had said his father was mean, and that when he went to see the psychologist in Portland [the mother's expert], he thought he was supposed to say that he wanted to stay in Portland."

The last doctor whom the child saw was Dr. Wilson, and the child repeated that his earlier fear of his father had come from the things his mother had said to him and that he did not believe those things any more.

Exhibit U becomes crucial to the chain of events in this case. As father argued:

> "Viewing the whole series of visits to the various experts in chronological sequence shows that in the child's earlier statements he was being improperly influenced and coached by his mother, and that upon reflection and a further opportunity to see his father, he no longer believed the bad things his mother had said about his father."

In conclusion, I do not believe this court should—and I do not see how we can—reverse the trial judge's determination of custody for not giving deference to the child's wishes. The trial judge did not do that. To the contrary, he obviously did consider the preference of the child, but—unlike the majority in its original opinion—he did so only after considering all of the evidence pertaining to that matter.

We should affirm the trial court, because there has been no error.[1]

---

[1] I am now satisfied, upon a *de novo* review of the record that the dispositve question as to what is in the best interests of the child has been fully litigated and that the trial court properly decided this case. Thus, it is unnecessary, contrary to my suggestions in my original dissent, to remand this case to the trial court for the entry of a specific finding on the question of what is in the best interests of the child.

I respectfully dissent.

Richardson and Newman, JJ., join in this dissent.