Argued and submitted February 25, 1987, reversed and remanded for further
proceedings February 10, 1988

# STATE ex rel DELISSER,
*Respondent,*

*v.*

# HARDY,
*Appellant.*

## (D8509-67024; CA A39457)
749 P2d 1207

Doreen Stamm Margolin, Portland, argued the cause and filed the briefs for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Carol Munson, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendant appeals a judgment of contempt that imposed a $150 fine and sentenced him to six days in jail. We reverse and remand.

Plaintiff[1] sought protection under the Abuse Prevention Act. ORS 107.700 to ORS 107.730. Her petition stated that she had lived with defendant immediately before she filed the petition and that she was the victim of his acts of abuse, including forced entry into her apartment, physical abuse, threats to get her fired from her job and calls to her employer. She stated that "there is possible eviction from my [apartment] because of him."

The court issued a restraining order in September, 1985. ORS 107.718. It prohibited defendant from

"in any manner, molesting, interfering with or menacing Petitioner; * * *

"entering Petitioner's home: 1045 S.W. Bertha Blvd. #5, Portland, OR 97219."

In October, 1985, plaintiff filed an affidavit which stated that defendant had violated the restraining order twice when, on one occasion, without her consent, he entered the multi-unit apartment complex in which her apartment was located and, on another occasion, put a letter under her apartment door. After a show cause hearing, the court found that defendant had wilfully violated the restraining order and held him in contempt on both counts. ORS 107.720; ORS 33.020.

Defendant assigns as error that the court denied his demurrer, which asserted that the charging affidavit does not state sufficient facts. ORS 33.040 provides that

"before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why the person should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance. The affidavit shall set forth the facts constituting the contempt."

---

[1] We refer to the relator as plaintiff.

Defendant argues that the restraining order did not prohibit him from entering the multi-unit apartment complex, but only plaintiff's apartment, and that, as a matter of law, he did not molest, interfere with, or menace her when he entered the apartment complex and put a letter under her apartment door. We disagree. The affidavit alleges facts regarding defendant's conduct, which, if proven, would constitute violations of the restraining order.

■ ■ Defendant also argues that "clear and convincing evidence" is lacking that he wilfully disobeyed the restraining order. *State ex rel Hathaway v. Hart,* 300 Or 231, 239, 708 P2d 1137 (1985). We disagree. The court was not obliged to believe defendant's testimony that he acted in good faith when, as he testified, "on an impulse, I decided to drive by to observe if her new boyfriend's car was in the parking lot" and when he put the letter under plaintiff's door. As the court recognized, defendant did not need directly to threaten plaintiff in her apartment in order to threaten or menace her within the meaning of the restraining order.

■ Defendant next assigns as error that the court denied his motion for a new trial, because of comments the court made during defendant's testimony. ORCP 64B. Even assuming that the court's comments were improper and prejudicial, which we do not decide, defendant failed to make timely objection or to move for a mistrial and, accordingly, failed to preserve any error. OEC 103(1)(a).

Defendant assigns as error that the court imposed a $150 fine and a jail sentence of six days. He asserts that there was insufficient evidence to find that his contempt defeated or prejudiced plaintiff's rights. ORS 33.020(1) provides:

> "Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both; but such fine shall not exceed $300 nor the imprisonment six months, except in the cases mentioned in subsection (2) of this section; and when the contempt is not one of those mentioned in ORS 33.010(1)(a) [disorderly behavior toward the court] and (b) [breach of peace in court], * * *, it must appear that the *right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby* before the contempt can be punished otherwise than by a fine not exceeding $100." (Emphasis supplied.)

■ ■    When enhanced penalties for contempt are used to compel a person to testify or provide evidence in a criminal proceeding, the court must find "an actual prejudicial effect specifically focused on the concrete situation in the particular proceeding." *State ex rel Spencer v. Howe,* 281 Or 599, 606, 576 P2d 4 (1978); *State v. Moen,* 86 Or App 87, 738 P2d 228 (1987). The court, however, may impose an enhanced penalty on the basis of prejudice occurring outside the show cause hearing which establishes the contempt. In *State ex rel Lemon v. Lemon,* 238 Or 446, 395 P2d 161 (1964), the court held that, when a defendant deprived the plaintiff of the right to custody of their child in violation of the divorce decree, he had sufficiently prejudiced the plaintiff's rights to justify an enhanced penalty. Here, the court stated at the sentencing hearing that defendant's conduct threatened plaintiff's security, frightened her and led to her eviction from her apartment. The legislature enacted the Abuse Prevention Act to provide victims of abuse with a remedy. Plaintiff obtained the restraining order and thereby acquired the right to protection from precisely the kind of abuse that occurred here.

■    We do not read ORS 33.020 to mean that enhanced penalties for violation of a restraining order under the Abuse Prevention Act are forbidden when the conduct which constitutes the contempt occurred before the show cause hearing. Indeed, an order to show cause is issued on the basis of an affidavit alleging that the petitioner has recently been the victim of abuse in violation of the restraining order. In *State ex rel Hathaway v. Hart, supra,* 300 Or at 236, the court stated:

> "[T]he [Abuse Prevention] Act, by using the language of ORS 33.020, authorizes a court to punish contempt of its order by a fine not to exceed $300 or imprisonment not to exceed six months. In other words, the essence of the Abuse Prevention Act is to prevent acts of family violence through restraining orders and, if the court orders are disobeyed, to provide legal sanctions for the violations of the orders because ordinary criminal actions at law were found to be inadequate to achieve this desired legislative result.

> "The sanctions for contempt were to provide legal teeth for enforcement of court orders against violators. * * *" (Footnote omitted.)

We conclude that the evidence shows that defendant's acts

which constituted the contempts could have defeated or prejudiced plaintiff's right and remedy within the meaning of ORS 33.020.

Defendant contends, however, that the judgment is defective because it does not state the statutory grounds that support it or recite circumstances that justify a penalty in excess of a $100 fine. We agree. A contempt judgment must include the statutory basis for it. *State ex rel AFSD v. Burkhart,* 80 Or App 681, 684, 723 P2d 374 (1986). To support an enhanced penalty, it must contain the court's findings of fact respecting defendant's contemptuous conduct that defeated or prejudiced plaintiff's right or remedy. *State ex rel Hixson v. Hixson,* 199 Or 574, 263 P2d 603 (1953); *State ex rel v. Bassett,* 166 Or 628, 113 P2d 432 (1941).

Reversed and remanded for further proceedings not inconsistent with this opinion.