Argued and submitted April 20, 1988, reversed and remanded for reconsideration of fine for contempt; otherwise affirmed January 25, reconsideration denied March 10, petition for review denied April 4, 1989 (307 Or 611)

## In the Matter of the Marriage of

### WYLLIE,
*Respondent,*

*and*

### WYLLIE,
*Appellant.*

(85722; CA A44524)

767 P2d 931

Ira L. Gottlieb, Portland, argued the cause for appellant. With him on the briefs was William B. Wyllie, Salem.

Gilbert B. Feibleman, Salem, argued the cause for respondent. With him on the brief was Ramsay, Stein, Feibleman & Myers, P.C., Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Husband appeals from an order holding him in contempt of court for wilful failure to pay support and awarding wife a judgment for spousal and child support arrearages in the amounts of $25,810.81 and $33,483.74, respectively. We reverse in part and affirm in part.

The parties were divorced in 1975. Wife was awarded custody of their four children and husband was ordered to pay $175 a month child support for each child "during the minority of said child and continuing thereafter until said child attains the age of 21 years if said child is in attendance at school as defined in ORS 107.108(4)." He was also ordered to pay $300 a month spousal support. In 1977, the decree was modified to reduce spousal support from $300 per month to $50 per month "until such time as the support payments for any two of the minor children of the parties are terminated." In July, 1985, husband filed a petition to modify the decree to eliminate spousal support, asserting that wife was employed, had received a large inheritance and no longer required support. In response, wife filed a contempt motion, asserting that husband was in arrears in the payment of the previously ordered spousal and child support. The court held him in contempt for failure to pay the support. He appeals from that contempt order.

■ Husband argues that the trial court erred in holding him in contempt, because the parties had previously reached an agreement that relieved him of his support obligations. He contends that, in January, 1984, the parties entered into an oral agreement in which wife agreed to surrender any claims she might have for unpaid child and spousal support in exchange for husband relinquishing an $8,000 lien on wife's house. Wife argues that a final agreement was never reached. However, even if the parties did reach an oral agreement, the divorce decree imposing the support obligation was never modified. Because the decree was never modified, husband's support obligations remained. *Starzinger v. Starzinger,* 82 Or App 96, 727 P2d 168 (1986); *Knight and Knight,* 78 Or App 118, 714 P2d 1085 (1986).

■ Husband also argues that the trial court erred in holding him in contempt, because he thought that he had an agreement with wife that he did not have to pay support and,

therefore, his failure to pay was not wilful. However, there is substantial evidence to support the trial court's finding that husband wilfully failed to pay child support up to the time of the agreement, and that was contempt. *See State v. Mauro,* 92 Or App 194, 757 P2d 454, *rev den* 307 Or 101 (1988).

■ Husband contends that the $1,200 fine imposed for the contempt exceeds the statutory limit. ORS 33.020(1) provides:

> "Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both; but such fine shall not exceed $300 nor the imprisonment six months, except in the cases mentioned in subsection (2) of this section; and when the contempt is not one of those mentioned in ORS 33.010(1)(a) and (b), or in ORS 1.240(1), it must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby before the contempt can be punished otherwise than by a fine not exceeding $100."

The trial court held that husband's contempt in this case was punishable pursuant to ORS 1.240(1) and imposed a $300 fine for husband's failure to pay support for each of the four children. ORS 1.240(1), however, involves behavior which directly interferes with court proceedings. *State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 491, 407 P2d 250, *cert den* 384 US 943 (1966). There was no evidence that husband directly interfered with the proceedings in this case. Consequently, ORS 1.240(1) does not provide authority for imposition of this fine.

In order to be able to impose a fine in excess of $100, it was necessary for the trial court to make specific findings of fact "respecting defendant's contemptuous conduct that defeated or prejudiced plaintiff's right or remedy." *State ex rel Delisser v. Hardy,* 89 Or App 508, 749 P2d 1207 (1988). Because the trial court did not make findings, we remand for reconsideration of the fine.

■ Husband next argues, relying on ORS 107.108(3), that the trial court erred in calculating child support arrearages to include amounts not paid while the children were attending college without having joined them as parties. ORS 107.108(3) provides:

> "If the court provides for the support and maintenance of

a child attending school pursuant to this section, *the child is a party* for purposes of matters related to that provision." (Emphasis supplied.)

Husband argues that, unless the children were joined as parties, the trial court lacked jurisdiction to decide the issue of child support arrearages. We disagree. A court's subject matter jurisdiction is not dependent on whether a particular party is joined. ORS 107.108(3) does not directly address whether an affected child is an indispensable party to determine support arrearages. However, we conclude that to interpret the statute to require that affected children be joined would be inconsistent with the purpose of the statute to protect their interests, particularly, as in this instance, where the issue is not whether support will be set or whether support should be modified, but rather whether husband has failed to pay previously ordered support.

■ Husband next argues that the trial court erred in assessing attorney fees against him. He does not contest the amount awarded. ORS 107.445 allows the discretionary award of attorney fees and provides, in pertinent part:

"In any contempt proceeding brought to compel compliance with any order or decree in any suit for marital annulment, dissolution or separation, the court *may* make an order awarding to a party * * * a sum of money determined to be reasonable as an attorney fee at trial and on appeal therein." (Emphasis supplied.)

We hold that the trial court did not abuse its discretion in awarding attorney fees.[1]

Reversed and remanded for reconsideration of fine for contempt; otherwise affirmed; no costs to either party.

---

[1] Husband's remaining assignments of error are without merit, and we do not address them.