Argued and submitted May 12 at Pendleton, Oregon, reversed and remanded
June 28, 1989

In the Matter of the Marriage of

## SWILLING,
*Appellant,*

*and*

## SWILLING,
*Respondent.*

(CVC 87-875; CA A50161)

775 P2d 929

Robert Norman Ehmann, Pendleton, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Father appeals from an order dismissing his motion to modify a dissolution judgment to terminate a joint custody provision involving the parties' two children and to award him sole custody with reasonable visitation to mother. We reverse and remand.

Father presented testimony at trial that he summarizes in his brief:

"[T]he parties were not communicating with each other regarding the children, that [mother] had seen little of the children prior to the motion to modify, that the parties had begun fighting in front of the children, that the children had suffered psychologically to the extent of needing counseling due to the parental conflict, that [mother] did not believe that the joint custody arrangement could continue, and [father] had provided all the care of the children in his home and [mother] had provided none since the decree of dissolution of marriage * * *."

At the conclusion of father's case, the trial court essentially determined that, because the parties had fought continually over custody and visitation *before and after* the date of the original judgment, father had failed to establish the requisite *change of circumstances* to modify it. Accordingly, he granted mother's motion to dismiss father's motion. The trial ended at that point, without the court's deciding what would be in the best interests of the children.

**1, 2.** We understand the trial judge's "disgust" with the parents and his concern that awarding one of the parents sole custody could have a "devastating" impact on the children. However, ORS 107.169(5)[1] mandates a different result. The legislature has made it clear that there is a change of circumstances *as a matter of law* if either one of the parents believes that the joint custody arrangement is unworkable and should

---

[1] ORS 107.169(5) provides:

"Modification of a joint custody order shall require showing of changed circumstances and a showing that the modification is in the best interests of the child such as would support modification of a sole custody order. Inability or unwillingness to continue to cooperate shall constitute a change of circumstances sufficient to modify a joint custody order."

be discontinued.[2] That was father's unchallenged testimony in this case: There had been a total breakdown of the joint custody arrangement.

The trial court had no alternative but to conclude that there had been a change of circumstances. It was therefore incumbent upon it to fashion a different award of custody after hearing and resolving the issue of what was in the best interests of the children. Accordingly, this case must be remanded to the trial court for that determination.

Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to father.

---

[2] Even before ORS 107.164(5), case law would have dictated the same result. In *Wittke and Wittke,* 85 Or App 623, 628, 738 P2d 206, *rev den* 304 Or 279 (1987), one parent was moving from the area and no joint custody in fact ever existed. We reversed the trial court and terminated the joint custody order. Similarly, in *Brooks and Brooks,* 80 Or App 269, 272, 721 P2d 478 (1986), we found that, even though the original order provided for joint custody, joint custody had never actually existed. Addressing the realities of the situation, in *Heinel and Kessel,* 55 Or App 275, 279, 637 P2d 1313, 1316 (1981), we terminated joint custody when the parties ceased to communicate and began to suspect one another of improper care of the child. We stated:

"Communication and cooperation between the parties is essential to a joint custody arrangement. The animosity resulting from the school transfer in the present case is a substantial change of circumstances since the original decree, because the original, cooperative arrangement has broken down and one parent has resorted to unilateral self-help."