Submitted on record and briefs March 11, 1991, reversed and remanded
February 12, 1992

In the Matter of the Marriage of

Lorri Rae PYLE,
*Petitioner,*

*and*

Donnie James PYLE,
*Respondent.*

STATE ex rel Lorri Rae PYLE,
*Respondent.*

*v.*

Donnie James PYLE,
*Appellant.*

(DO 89-549; CA A64488)

826 P2d 640

James N. Varner, Newberg, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for contempt. We remand for further proceedings.

On July 11, 1989, plaintiff Lorri Rae Pyle obtained an order against defendant, her spouse, restraining him from interfering with or molesting her in any manner. On July 18, 1989, the state moved for an order for defendant to show cause why he should not be held in contempt for violating the restraining order. The supporting affidavit stated that defendant had telephoned repeatedly and had blocked plaintiff's car on two occasions. Defendant denied the allegations, and a hearing was set for July 31, 1989. However, defendant left the state in violation of the security agreement that allowed his release from custody. He continued to telephone plaintiff.

He appeared in court on February 2, 1990, and a second hearing was set for February 12. A supplemental show cause order was issued on February 5, alleging violations of the restraining order after the July 18, 1989, show cause order. Defendant denied those allegations but admitted some of the allegations of the earlier order. He was found in contempt under the allegations in both orders. He was sentenced to 90 days in jail for violations alleged in the July 18, 1989, order and six months in jail, suspended, on the February 5 order.

In the first assignment, he contends that the court erred by overruling his objections to the sufficiency of the allegations in the February 5 order. At the hearing, he argued that the allegations were so imprecise that he was denied a fair opportunity to prepare a defense. He did not demurrer to the order, ORS 135.610, or move to make the allegations more certain. He has waived the objections that he now advances.

In the second assignment, he argues that the acts alleged in the February 5 order did not occur in Oregon and so the court did not have jurisdiction. Defendant relies on ORS 131.215(1), which provides that a person is subject to criminal prosecution under the laws of this state if "either the conduct * * * or the result * * * occurs within this state." A criminal contempt proceeding is not a criminal prosecution within the meaning of the constitution. *State ex rel Oregon*

*State Bar v. Lenske*, 243 Or 477, 405 P2d 510, 407 P2d 250 (1965), *cert den* 384 US 943 (1966). Therefore, ORS 131.215 does not limit the authority of a court of equity to issue *or* enforce an injunction.

The crux of defendant's jurisdictional argument appears to be that the court that issued the original restraining order was without authority to prohibit defendant from contacting his wife once both parties were outside the state of Oregon and that, therefore, the restraining order had no force beyond the borders of the state. We do not directly decide that issue, because it is in essence a collateral attack on the restraining order in this contempt proceeding. Defendant cannot do that. In *State ex rel Mix v. Newland*, 277 Or 191, 200, 560 P2d 255 (1977), the court held:

> "If a court has jurisdiction over the parties and the subject matter, and its order or decree is not complied with, that court may hold the noncomplying party in contempt even if it later appears that the original order or decree was either erroneous or in excess of the court's authority. The integrity of the judicial process demands compliance with court orders until such time as they are altered by orderly appellate review. Litigants are not entitled to sit in judgment on their own cases, and they must follow the appropriate channels for review of decisions they believe to be invalid. Unless and until an invalid order is set aside, it must be obeyed. Only when there has been no other opportunity to raise the issue can the validity of the underlying order be litigated in a subsequent contempt proceeding."

Defendant had been restrained from contacting plaintiff. He violated that order by telephoning her in Washington. The location from which the calls were made, or where they were received, is not material.[1] Plaintiff's affidavit alleging facts constituting a violation of the order was sufficient to confer authority on the court to enforce its order. *See State ex rel. v. Bassett*, 166 Or 628, 634, 113 P2d 432, 114

---

[1] A court sitting in equity with jurisdiction over the parties and subject matter of a dispute may order that acts be done or not done outside the territorial boundaries of the state. *See Blue River Sawmills et al v. Gates et al*, 225 Or 439, 476-77, 358 P2d 239 (1960), and citations therein; *see also Restatement (Second) Conflict of Laws*, § 53 (1981). The court had personal jurisdiction over the parties when the injunction was issued.

P2d 546 (1941). The court had jurisdiction to adjudicate violations of its order.

■ Defendant next contends that the court erred by admitting testimony about threats that he made to plaintiff while she was living with her sister. He argues that the evidence concerned criminal activity that was not alleged in either show cause order. However, the evidence came in during the sentencing phase of the proceeding and was admissible to prove circumstances properly considered in a sentencing.

■ In the fourth assignment, defendant argues that the court erred in sustaining an objection to portions of an audio tape. The trial court ruled that the evidence was irrelevant. Defendant made no offer of proof, OEC 103(1)(b), and we decline to address the claim of error. *See State v. Affeld*, 307 Or 125, 764 P2d 220 (1988).

■ Defendant's fifth and sixth assignments are that the judgment is defective, because it does not state the statutory grounds that support it or recite circumstances that justify a penalty in excess of a $100 fine. We agree. *State ex rel Hixson v. Hixson*, 199 Or 574, 263 P2d 603 (1953); *State ex rel Delisser v. Hardy*, 89 Or App 508, 749 P2d 1207 (1988); *State ex rel AFSD v. Burkhart*, 80 Or App 681, 723 P2d 375 (1986).

Reversed and remanded for proceedings not inconsistent with this opinion.