Submitted on record and briefs Mach 26, reversed and remanded with instructions May 13, reconsideration denied June 17, petition for review denied September 29, 1992 (314 Or 391)

Althea G. BONEBRAKE,
*Petitioner,*

*v.*

James R. ECCLES,
*Defendant.*

STATE OF OREGON,
*Respondent,*

*v.*

James R. ECCLES,
*Appellant.*

(90-498; CA A71608)

831 P2d 76

James R. Eccles, Baker City, filed the brief *pro se.*

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Meg E. Kieran, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of contempt.[1] We reverse.

On October 15, 1990, petitioner, defendant's exspouse, obtained a restraining order against defendant. On July 16, 1991, the state moved for an order requiring defendant to show cause why he should not be held in contempt for violating that order. After a hearing, defendant was found in contempt, placed on 12 months probation and ordered to pay a $200 fine. Defendant contends that the judgment is defective, because it does not state the statutory grounds that support it or recite circumstances that justify a penalty in excess of a $100 fine. We agree. *State ex rel Hixson v. Hixson*, 199 Or 574, 263 P2d 603 (1953); *State ex rel v. Bassett*, 166 Or 628, 113 P2d 432; *Pyle and Pyle*, 111 Or App 184, 188, 826 P2d 640 (1992); *State ex rel Delisser v. Hardy*, 89 Or App 508, 749 P2d 1207 (1988).

Defendant's remaining assignments of error do not merit discussion.

Reversed and remanded with instructions to make appropriate findings and to enter a new judgment.

---

[1] Oregon Laws 1991, chapter 14, sections 1-32, established new provisions governing contempt proceedings in Oregon. *See* ORS 33.015 to ORS 33.155. Because this case arose before the effective date of the new law, our decision is based on the old law.