Argued and submitted December 16, 1992, affirmed March 31, 1993

In the Matter of the Marriage of

Susan C. HORNER,
*Respondent,*

*and*

James G. HORNER,
*Appellant.*

(90-05-9955; CA A74310)

849 P2d 560

Daniel J. Barkovic, Eugene, argued the cause and filed the brief for appellant.

Mona K. Williams, Enterprise, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Rossman and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Father appeals from an order that requires him to pay child support in the amount of $322 per month and a lump sum judgment for unpaid child support in the amount of $1,800. We affirm.

The parties marriage was dissolved in August, 1990. The settlement agreement, which was incorporated by reference into the dissolution judgment, awarded them joint legal and physical custody of their minor child. It also provided that the noncustodial parent was entitled to visitation with the child but did not identify the custodial parent.[1] Under the provisions for child support, the agreement said:

> "Neither party shall pay child support to the other party. Each party shall contribute equally to the support and maintenance of the minor child.
>
> "The parent who has had physical custody of [the child] for more than 50% of the year shall be entitled to claim [the child] as a dependent for state and federal tax purposes. * * *"

Following entry of the dissolution judgment in August, 1990, the child lived with mother for 12 weeks and then resided with father for 10 weeks. The child then resumed living with mother and has continued to live with her since then.

In December, 1991, mother filed a motion to show cause why father should not be held in contempt for failing to pay child support and to modify the judgment to set a specific amount for child support. Father filed a "motion to dismiss the contempt proceedings." At the hearing on father's motion, the court held that the facts did not support an order of contempt but denied the motion to dismiss.[2] Instead, it ordered that the hearing proceed on the issues of what

---

[1] The parties testified that their intent was, and continues to be, to leave the custody decision in the hands of the child. The child was to decide which parent he would live with and for how long. At the time the dissolution judgment was entered, the child was 15 years old.

[2] We note that the court's oral order granted father's motion to dismiss the contempt proceedings. However, the written order states that father's motion to dismiss was denied. When there is a discrepancy between the oral statement of the court and its written order, we review the written order. *State v. Swain/Goldsmith*, 267 Or 527, 517 P2d 684 (1974).

amount of child support, if any, was owed under the agreement and whether a definite child support obligation should be established in the future. After the evidentiary hearing, the court held that the support amount owed was $1,800 and ordered father to pay $75 per month toward that obligation. The court further found that there had been a substantial change of circumstances and modified the judgment, ordering father to pay $322 per month child support in the future.

■        First, father assigns error to the court's determination of the amount owed after it "granted" his motion to dismiss the contempt proceeding.[3] Father argues:

> "Once the trial court correctly concluded that the divorce decree did not set out specific enough language to enforce a claim for back child support, it was without any authority to impose any type of remedial sanction for a contempt that did not exist."

Mother's motion says that father "should be required to pay the [amount owed] or be judged to be in contempt of court." We hold that, because the motion seeks alternative relief, the court did not err in holding an evidentiary hearing to determine what was owed under the agreement.

■        Father next assigns error to the court's establishment of an amount for "past-due child support." He notes that the dissolution judgment did not provide a definite amount for child support and that no demand was made on him for financial support until November, 1991. He argues that the court had no authority to award a judgment that constitutes an after-the-fact determination that the "obligor owes a sum of money unilaterally set by another party."[4]

Mother's motion is tantamount to a request for specific enforcement of the terms of the property settlement agreement under which father promised to contribute equally to the support of his child. The judgment establishes

---

[3] As we indicated in note 2, *supra,* the court denied father's motion to dismiss the contempt proceedings. However, the court did hold that the facts did not support an order of contempt.

[4] Father also asserts that he and mother had an oral agreement that whichever parent had physical custody of the child would provide support and maintenance of the child. That agreement, if it existed, is contrary to and does not relieve father of his support obligations under the dissolution judgment. *Wyllie and Wyllie,* 95 Or App 109, 111, 767 P2d 931, *rev den* 307 Or 611 (1989).

the amount owing for father's equal contribution under the agreement and reduces it to judgment. Because the issue involves the payment of support for a minor child, the trial court has continuing authority under ORS chapter 107 to ensure that the financial needs of the child are met by the enforcement of the parties' agreement. We hold that the trial court acted within its authority when it established a liquidated sum as the amount owed by father under the agreement.

■■    Next, father assigns error to the court's finding of a substantial change of circumstances. He argues that no substantial change of circumstances has occurred because the only change mother alleges is that the child is now living continuously with her and that that possibility was within the contemplation of the parties at the time of the dissolution judgment. A change of circumstances occurs as a matter of law for purposes of a modification of a joint custody arrangement when there is an inability or unwillingness to continue to cooperate in that arrangement and one of the parties believes that arrangement is unworkable. *See* ORS 107.169(5); *Swilling and Swilling*, 97 Or App 384, 775 P2d 929 (1989). Similarly, in this case, the parties had an agreement to "contribute equally to the support and maintenance of the minor child." The evidence indicates that the agreed arrangement is unworkable. That change in circumstances meets the requirement of ORS 107.135.

■    Finally, father assigns error to the court's determination of child support. Specifically, he argues that the court erred in attributing a monthly income to him of $2,500. During 1991, father worked for several months in a mill, earning between $2,500 and $3,000 per month. However, he quit that job because of differences with the owners. Father testified that, at the time of the hearing, his monthly income was $575 per month from a real property sale and that he was self-employed building a house for resale. Father testified that he had no idea whether or not he will make money on this venture. We review *de novo*.

OAR 137-50-360 provides:

"(1)   If a parent is unemployed, employed on less than a full-time basis or there is no direct evidence of any income, child support shall be calculated based on a determination of

potential income. For purposes of this determination, there shall be a rebuttable presumption that a parent can be gainfully employed on a full-time basis.

"(2) Determination of potential income shall be made according to one of two methods, as appropriate:

"(a) Determine employment potential and probable earnings level based on the parent's recent work history, occupational qualifications, or prevailing job opportunities and earnings levels in the community."

There is no evidence that father is deriving income from full-time employment. OAR 137-50-360(1)(a) is applicable and we agree with the trial court that, based on his prior earnings, father has the potential to earn $2,500 per month.

Affirmed. Costs to wife.