Argued and submitted December 18, 1992, reversed and remanded July 7, 1993

In the Matter of the Marriage of

## Cynthia Jo RICHMOND,
nka Cynthia Jo Schweigert,
*Respondent,*

*and*

## Gary Allen RICHMOND,
*Appellant.*

(15-90-10451; CA A74788)

855 P2d 1132

Marjorie A. Schmechel, Eugene, argued the cause for appellant. With her on the brief was Charles S. Spinner, Eugene.

Stephen J.R. Shepard, Eugene, argued the cause for respondent. With him on the brief was DePaolis, Shepard & Vallerand, Eugene.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Father moved to modify a dissolution of marriage judgment to terminate joint custody and award him sole custody of the parties' son. The trial court granted mother's motion to dismiss father's motion under ORCP 21A. Father appeals, and we reverse.

The trial court apparently dismissed on the ground that father's motion did not allege sufficient facts to show a change of circumstances justifying modification of the judgment. The basis of mother's motion to dismiss and of her argument on appeal is that she has had sole custody of their son and father has not alleged a basis for modification of sole custody. She argues that ORS 107.169(5) is, therefore, not applicable.

ORS 107.169(5) sets out the requirements for modification of joint custody:

"Modification of a joint custody order shall require showing of changed circumstances and a showing that the modification is in the best interests of the child such as would support modification of a sole custody order. Inability or unwillingness to continue to cooperate shall constitute a change of circumstances sufficient to modify a joint custody order."

The judgment, which was stipulated to by the parties, states that the parties "shall share joint custody." That is unambiguously an award of joint custody that father seeks to modify. Mother may consider that she has acquired sole custody because the ordered joint custody is not operating as contemplated. However, the judgment cannot be modified by the conduct of the parties. ORS 107.169(5) is applicable.

Father alleged in his supporting affidavit:[1]

"The joint custody of our son is simply not working any longer. My ex-wife and I fight continually over visitation. Regrettably, many of the disagreements are in front of our son. I believe that if one of us were awarded custody of our son and the other a specific visitation schedule it would eliminate a great deal of the arguing between Ms. Schweigert and myself.

---

[1] UTCR 8.050 requires the party seeking modification of the judgment to submit an affidavit supporting the party's factual allegations.

"This continual haggling over our son is beginning to [a]ffect our son. For the first time in his life he is being violent with other children and has taken to wetting his bed again."

In *Horner and Horner*, 119 Or App 112, 116, 849 P2d 560 (1993), we said:

"A change of circumstances occurs as a matter of law for purposes of a modification of a joint custody arrangement when there is an inability or unwillingness to continue to cooperate in that arrangement and one of the parties believes that arrangement is unworkable."

*See also Swilling and Swilling*, 97 Or App 384, 775 P2d 929 (1989).

Under *Horner*, father alleged sufficient facts showing changed circumstances to survive a motion to dismiss under ORCP 21A.

Reversed and remanded. Costs to father.